THE STATE OF OHIO, APPELLEE, *v.* WOOLUM, APPELLANT

[Cite as State v. Woolum (1976), 47 Ohio App. 2d 313.]

(No. C-75265—Decided January 20, 1976.)

Mr. Thomas A. Luebbers, Mr. Paul J. Gorman and Mr. John L. Hanselman, Jr., for appellee.
Mr. George W. Clark, for appellant.

Per Curiam. This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court; the transcript of the proceedings; and the assignments of error, briefs and oral arguments of counsel.

Defendant, the appellant herein, was arrested and charged with the possession of an hallucinogen—a violation of R. C. 3719.41. In view of our ultimate disposition of the assignments of error, it seems unnecessary to set forth the facts leading up to defendant's arrest.

At the trial, defendant's counsel objected to the admission into evidence of the marijuana allegedly taken from defendant's person and the possession of which gave rise to his arrest. However, a motion to suppress evidence was never filed. The marijuana was admitted into evidence and defendant was found guilty. Subsequently, defendant obtained other counsel who filed a motion for a new trial, which was overruled.

The first of the two assignments of error reads:

"The trial court erred in denying Defendant's oral motion to suppress pursuant to Rule 12(G), and in not suppressing the evidence presented by the prosecution, for the reason that the prosecutor was on notice of the objection to the evidence on the basis that it arose from an illegal search and seizure in violation of Defendant's Fourth Amendment rights."

We note initially that defendant's trial counsel made *no* oral motion to suppress, the first assignment of error notwithstanding. Rather, there was simply an *objection* to the admission of the marijuana into evidence. Without a motion to suppress, there exists no rule of evidence which prevented the admission of the exhibit (marijuana) into evidence.

Crim. R. 12 reads, in part:

"(B) Pretrial motions. Any defense, objection, or

request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following *must* be raised before trial * * *

"(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained * * *." (Emphasis added.)

It is clear that this rule was not complied with, and such failure amounted to a waiver of the motion under Crim. R. 12(G), which provides:

"Effect of failure to raise defenses or objections. Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for good cause shown may grant relief from the waiver."

Although an examination of the record of the proceedings reveals no specific request by counsel for the defendant for relief from the waiver mandated in Crim R. 12(G), we elect to consider defendant's objection to the evidence as a request for such relief. However, we feel compelled to conclude that the court below did not abuse its discretion by enforcing Crim. R. 12(B)(3).

The first assignment of error must be overruled. For us to hold otherwise would be to flaunt the purpose of Crim. R. 12(B) and significantly dilute its operation.

The second assignment asserts:

"The trial court erred in entering a finding of guilty when the defendant was denied his Sixth Amendment right to competent counsel."

We believe that the correct standard to be used in disposing of this assignment of error is contained in the following language from 21 American Jurisprudence 2d 342, Criminal Law, Section 315.

"Effect of counsel's incompetence.

"A defendant in criminal proceedings may not generally base a denial of his right to due process of law on errors committed during the course of trial by an attorney

of his own choice. Thus, a judgment of conviction will not ordinarily be held invalid on the basis of the inexperience or unskillfulness of retained counsel, or on the bases of lack of preparation, improper advice, or errors of judgment on his part. But, where counsel's representation of the defendant is so lacking in diligence and competence as to reduce the trial to a farce and a mockery of justice, the judgment will be declared void as an invasion of the defendant's constitutional right to the assistance of counsel. The burden of sustaining a charge of inadequate representation rests, however, on the defendant.''

Few acts or omissions of counsel may fairly and accurately be termed ''incompetent.'' We hold a general reluctance to attempt to instruct trial counsel on the methods which we believe should be employed in performing professional duties. However, when an attorney, as here, neglects to file a motion to suppress evidence, which at least arguably could dispose of a criminal charge against his client,[2] the client is deprived of the assistance of competent counsel which amounts to a denial of due process. See *Johns* v. *Perini* (C. A. 6, 1972), 462 F. 2d 1308, in which it was held that a failure to file a notice of alibi amounted to a deprivation of effective assistance of counsel.

We sustain the second assignment of error and reverse and remand this cause for a new trial.

*Judgment reversed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.

---

[2]We consider that we are not required to decide the merits of a motion to suppress evidence had it been filed pursuant to the provisions of the criminal rules, nor should we do so in the absence of a record of an independent evidentiary hearing on the motion to suppress.