THE STATE OF OHIO, APPELLEE, *v.*
STEELE, APPELLANT.

(No. 42868—Decided June 4, 1981.)

*Mr. John.T. Corrigan,* prosecuting attorney, for appellee.

*Mr. James R. Willis,* for appellant.

KRUPANSKY, J. On January 31, 1980, Michael Steele, appellant herein, was indicted on six counts of receiving stolen property in violation of R.C. 2913.51. Appellant plead not guilty, and on March 14, 1980, filed a motion to suppress certain physical evidence seized by the police. A hearing was held upon the motion, at which the court heard evidence on the issue of appellant's standing to challenge the conduct of the police as well as the issue of the legality of the search and seizure.

The following evidence was adduced at the hearing.

Officer Newell of the Cleveland Police Department and his partner were called to a residence at 4367 East 143rd Street to investigate a burglary in progress. The call indicated the burglary involved two males and a green truck. Upon approaching the home, the officers took note of a green van parked on East 143rd Street approximately ten to fifteen doors to the north.

The officers found the home at 4367 East 143rd Street secure, and then returned to the green truck parked on the street. Officer Newell testified the "back door was open,"[1] he entered the truck, found the keys on the floor, started the engine which started without incident, copied down the serial and license plate numbers and found a rental agreement indicating the truck had been rented to appellant. The officers took nothing from the truck.

Appellant approached the truck and asked the officers if there was any trouble. When asked why the truck was parked on the street, appellant replied it had broken down. When asked by the police, he produced his driver's license. The address contained on appellant's driver's license was 2180 East 106th Street. Appellant was placed in the back of the police vehicle, which was parked behind the van, while the officers ran a check for warrants. There being no outstanding warrants on either appellant or the truck, appellant was permitted to drive the truck away.

A neighbor working in his yard then informed the officers appellant had come from the driveway at 4316 East 143rd Street. Suspecting that appellant had broken into the home at that address, the officers walked to the home and investigated. They found a "For Sale" sign and also that the premises was unoccupied. Officer Newell's partner walked to the garage, and noticed a window was slightly ajar. Upon looking into the garage, the officers viewed a pickup truck and the front end of a 1978 Oldsmobile with Michigan license plates. Officer Newell and his partner then summoned help, conducted a search of the garage and confiscated the following items: a late model pickup truck, the front end of a 1978 Oldsmobile, approximately $2,500

worth of carpenters' tools found inside and outside the garage, a 1976 Cadillac Eldorado, a set of Michigan license plates, a title to a 1978 Oldsmobile, a driver's license and a title to the 1976 Cadillac. Neither the two titles nor the driver's license were in appellant's name.

With regard to appellant's standing to challenge the search of the garage, appellant, when asked by his counsel, testified he had an ownership interest in the property:

"Q. Now, with reference to the house that was ultimately searched, do you know where that house is located?

"A. Right.

"Q. Did you give anybody — do you have any connection with that property?

"A. I *had* an interest in it.

"* * *

"Q. Mr. Steele, that property on 143rd Street, who owns that property?

"A. I do." (Emphasis added.)

It is not clear from appellant's testimony whether he claimed an interest in the property at the time of the search. He responded he "had" an interest in the property, but would not say exactly when he held such an interest. When asked how long he owned the property, whether he lived at that address, whether he knew anyone living at that address and whether he discussed that property with the police, appellant refused to answer, relying upon his Fifth Amendment rights.

The only other evidence linking appellant to the property at 4316 East 143rd Street was certain testimony of Officer Beranek. Officer Beranek investigated the ownership of the home and discovered the gas had been shut off and that an electric bill had been paid in 1975, five years earlier, by "a party named Steele." Officer Beranek further testified he found a magazine addressed to appellant at 4316 East 143rd Street on the front porch of the home located at that address, approximately one month after the search. There is no indication who sent the magazine.

Upon hearing the evidence the trial

---

[1] It is unclear from the record whether the back door of the truck was *actually* open or whether it was merely unlocked.

court denied appellant's motion to suppress. Appellant then plead no contest to counts 2, 5 and 6 of the indictment on August 11, 1980. Counts 1, 3 and 4 were nolled by the prosecutor. The trial court found appellant guilty as charged on counts 2, 5 and 6, and sentenced appellant to concurrent prison terms of six months to five years on each of the three counts.

Appellant has timely brought this appeal from the trial court's denial of his motion to suppress, presenting the following as error for review:

"The court erred [in] denying the appellant's motion to suppress."

In his motion to suppress and upon appeal, appellant challenges the legality of the search of the truck, the detention of appellant and the search of the garage and the seizure of its contents.

The Fourth Amendment right to be free from unreasonable searches and seizures cannot be vicariously asserted. In order to challenge a search or seizure on Fourth Amendment grounds, a defendant must possess a legitimate expectation of privacy in the area searched, and the burden is upon the defendant to prove facts sufficient to establish such an expectation. *United States* v. *Salvucci* (1980), 448 U.S. 83; *Rawlings* v. *Kentucky* (1980), 448 U.S. 98; *Rakas* v. *Illinois* (1978), 439 U.S. 128; *Alderman* v. *United States* (1969), 394 U.S. 165; *Jones* v. *United States* (1960), 362 U.S. 257.

Although a person possesses a lesser expectation of privacy in his vehicle than in his home, *United States* v. *Chadwick* (1977), 433 U.S. 1; *United States* v. *Martinez-Fuerte* (1976), 428 U.S. 543, appellant established at the suppression hearing that he had rented the truck and had the right to exclude others from it at the time of the search. Nothing in the record indicates appellant abandoned his expectation of privacy in the truck which was legally parked on a public street. Thus, appellant established his right to challenge the reasonableness of the search of the truck by the police.

It is clear from the record the search of the truck was constitutionally permissible. Due to its mobility, a vehicle may be searched without a warrant upon probable cause. *Cady* v. *Dombrowski* (1973), 413 U.S. 433; *Chambers* v. *Maroney* (1970), 399 U.S. 42. In the instant case, the police had reliable information from a police radio broadcast concerning a burglary in progress at 4367 East 143rd Street involving a green truck. Upon arriving at the scene the police observed appellant's green truck parked a few doors away from the address where the burglary was reported in progress. Under these circumstances, the police were justified in conducting a warrantless search of the truck and any evidence it may have contained before it could be driven away.

It is also clear, however, that nothing was seized during the search of the truck. Appellant contends information was gained during the search, in the form of the rental agreement, linking appellant to the crime charged. The rental agreement does not establish a link between appellant and the garage located at 4316 East 143rd Street, or with the items seized therefrom. The information gained from the rental agreement found in the truck served only to identify appellant as the person who rented the truck, a fact wholly irrelevant in the case against appellant. Yet, appellant argues, had the police not searched the truck they would have had no reason to detain and question appellant, and thus would not have associated him with the items seized from the garage. This argument lacks merit.

It is true appellant was detained and questioned because the police believed the truck to be involved in a burglary, and it is true the police searched the truck. It is not true, however, that the police detained appellant because of what they learned through the search.

Appellant's own conduct, not that of the police, linked appellant to the truck. After they had searched the truck, the

police observed appellant approach and enter the truck. Believing the truck may have been involved in a burglary, the police naturally desired to question appellant. It was during this questioning that appellant produced his driver's license, thereby providing the police with his identity and address. Further, it was only after appellant had driven away that the police associated appellant with the garage; it was then that the man working in his yard informed the police appellant had approached from 4316 East 143rd Street. The search of the truck, therefore, neither prompted appellant's detention nor associated appellant with the garage or its contents.

Appellant next complains his detention by the police constituted an illegal seizure of his person. The Fourth Amendment requires that all seizures of a person be supported by some objective justification, including those seizures which stop short of arrest. *Reid* v. *Georgia* (1980), 448 U.S. 438; *United States* v. *Mendenhall* (1980), 446 U.S. 544; *Terry* v. *Ohio* (1968), 392 U.S. 1 [44 O.O.2d 383]. Not every encounter between the police and a citizen constitutes a seizure, however.[2] Encounters between police and citizens which do not constitute seizures of the citizen do not implicate the citizen's Fourth Amendment rights.

Whether appellant's encounter with the police is characterized as a seizure or merely an investigatory stop, the encounter was supported by an objective justification. The information received by the police, regarding the commission of a burglary in the area involving a green truck, provided the police with reasonable cause to question appellant when they observed him enter the truck. The detention of appellant, therefore, was constitutionally permissible. Further, the police would have been remiss had they permitted appellant to drive off in a truck they knew to be rented and which they believed to be involved in a burglary without having first ascertained appellant's identity and determining whether he was in rightful possession of the rented truck.

Appellant claims the items seized from the garage located at 4316 East 143rd Street were seized as the result of an illegal search. It is manifest from the record, however, appellant failed in his burden to establish a legitimate expectation of privacy in the garage. Thus, regardless of the legality of the search, appellant has no right to challenge the search of the garage or to seek the exclusion from evidence of the items seized.

Appellant made two unsupported statements that he had an ownership interest in the premises, yet failed to produce any proof of such an interest. When questioned in this regard on cross-examination, appellant refused to answer on Fifth Amendment grounds. The only other evidence of appellant's interest in the premises was presented by way of the police investigation in the form of a magazine addressed to him found on the premises, one month after the search, and testimony concerning the payment of a utility bill, five years prior to the search, by someone with the same last name as appellant.

Clearly, upon this state of the record, it cannot be said appellant met his burden and established a legitimate expectation

---

[2] Two justices of the United States Supreme Court, Justices Stewart and Rehnquist, have concluded a person has not been seized unless his freedom of movement has been curtailed by means of physical force or a show of authority, where the person detained believes he is not free to leave. *United States* v. *Mendenhall* (1980), 446 U.S. 544. Under such a test, the detention in the instant case did not constitute a seizure. There was no physical force nor show of authority involved, and appellant voluntarily produced his driver's license on request. A few minutes later, the police having found no reason to further detain appellant, he was permitted to drive away.

of privacy in the garage at the time of the search. The mere assertion of a proprietary interest in the premises searched, standing alone, is insufficient to prove the fact of appellant's ownership. Appellant cannot simply assert such an interest and then fail to produce any evidence in support thereof, where the burden of proof is placed upon appellant.[3] Further, assuming, *arguendo*, appellant had established his ownership of the premises, the fact of ownership alone is insufficient to establish appellant's legitimate expectation of privacy in the garage. *United States* v. *Salvucci, supra; Rawlings* v. *Kentucky, supra.* Appellant produced no evidence relating to his use or occupancy of the premises. The record establishes the home located at 4316 East 143rd Street was for sale and unoccupied at the time of the search. Thus, no evidence was produced from which the court could conclude appellant possessed a legitimate expectation of privacy in the garage.

Upon a review of the record, it is clear appellant has failed to establish that the search of the garage implicated his Fourth Amendment rights. Consequently, appellant is precluded from challenging the lawfulness of the search.

The trial court was fully justified in denying appellant's motion to suppress on the issue of standing alone. Since appellant cannot challenge the legality of the search, nor seek the exclusion of the items seized, we need not reach the issue of the reasonableness of the conduct of the police in conducting the search and seizure.

For the foregoing reasons, appellant's assignment of error is not well taken.

*Judgment affirmed.*

PRYATEL, P.J., and DAY, J., concur.

DAY, J., concurring. I concur in the judgment with these reservations:

(1) There was a seizure of the person during interrogation in the truck. However, except as a doctrinal matter, the question of seizure is unimportant. The detention was on probable cause and, in the event, there was no yield from the seizure and no illegal nexus between that and subsequent developments in the case.

(2) The defendant did not waive his Fifth Amendment privilege by taking the stand in the motion hearing. Again the issue is unimportant except as a doctrinal matter. For the assertion of the privilege blocked evidence that might have established standing. Thus, the legitimate assertion caused a failure of proof. The defendant cannot complain.

(3) Whatever the flux of the federal judicial attitude toward standing, this court need not render a judgment on the issue of ownership raising an expectation of privacy sufficient to quicken either federal or state constitutional rights. For, as the majority opinion makes clear, ownership was never established.

---

[3] Once appellant testified at the hearing on the motion to suppress, he waived his Fifth Amendment privilege against self-incrimination for purposes of the motion hearing. *State* v. *Laskey* (1970), 21 Ohio St. 2d 187 [42 O.O.2d 206], vacated on other grounds (1972), 408 U.S. 936. Consequently, appellant cannot rely upon this privilege to justify his failure to produce evidence on the issue of ownership of the premises.