The STATE of Ohio, Appellee,

v.

ROBINSON, Appellant.

[Cite as *State v. Robinson* (1996), 108 Ohio App.3d 428.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–28.

Decided Jan. 19, 1996.

*David E. Bowers,* Allen County Prosecuting Attorney, *Gary R. Hermon* and *Colleen P. Limerick,* Assistant Prosecuting Attorneys, for appellee.

*Clayton P. Osting,* for appellant.

---

EVANS, Judge.

This is an appeal by the defendant, Alexander Robinson, from the judgment of the Court of Common Pleas of Allen County, entered on a jury verdict of guilty to one count of aggravated burglary, in violation of R.C. 2911.11(A)(3), a felony of the first degree.

On April 19, 1995, appellant was found guilty for the aggravated burglary of an Allen County home. The burglary took place in the early morning hours of January 5, 1995, when appellant and another man, Rayford Ward, drove a blue Cadillac to the home of Jeffery and Melody Balyeat. The Balyeats were not at home at the time; however, their neighbor, Rock Taviano, witnessed the break-in and called police. Taviano watched Robinson and Ward carry armloads of stereo and video equipment from the Balyeats' home to the trunk of their car. When the two men left the home, Taviano followed them at a distance until police caught up with the Cadillac and took over the pursuit.

Meanwhile, a relative of Melody Balyeat notified her at work that her house was being burglarized and the suspects were driving a blue Cadillac. Melody immediately left work and drove toward her home, encountering the blue Cadillac on her way. In an attempt to stop Robinson and Ward, Melody used her vehicle to block the path of their oncoming car. As it became clear that the driver, Robinson, was not going to stop, Melody was forced to move her car to safety; however, she was able to get a look at the driver's face. Melody later identified appellant from a photo array as the man driving the blue Cadillac.

Robinson and Ward continued to drive, leading the police on a high speed chase which finally ended when the two men jumped from their moving vehicle and fled. Ward was immediately apprehended. After a brief investigation by police, appellant was also later identified and arrested. Ward accepted a plea bargain and testified against appellant at trial. On April 19, 1995, appellant was found guilty of aggravated burglary by a jury and sentenced by the court to not less than fifteen and not more than twenty-five years in prison.

Appellant now asserts the following two assignments of error:

## Assignment of Error No. 1

"Defendant was denied his state and federal constitutional right to the effective assistance of counsel by counsel's failure to properly object to, or otherwise preserve, the errors for appellate review that occurred both pretrial and throughout the trial proceedings. Further, counsel failed to request the lesser included charge of burglary, object to the prosecution's appeal to the emotive (as opposed to the intellect), failed to file pretrial motions to suppress, failed to request eyewitness testimony experts at State's Defense [sic], failing [to] make proper objections, admitting that the defendant was the driver of the getaway car, arguing an alibi in opening statement but not presenting any evidence of alibi, and in not presenting any evidence for the defendant, in failing to file proper jury instructions, etc."

## Assignment of Error No. 2

"Defendant was denied his state and federal constitutional right to the effective assistance of counsel by counsel's deviation so far from the norm that ordinary trial counsel would deride the level and tactics used and therefore requires reversible error even in the presence of overwhelming evidence or goes so far as to deny process due under the Due Process clause of the Fourteenth Amendment of the United States Constitution and similar provisions of the Ohio Constitution. In essence, the defendant was denied a fair opportunity to defend against [the] state's accusations."

We will consolidate our review of appellant's two assignments of error, since they both allege ineffective assistance of counsel. In a claim of ineffective assistance of counsel, the burden is on the appellant to prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. The Supreme Court of Ohio has held that counsel's performance is deficient if it falls below the objective standard of reasonable representation. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. In order to show prejudice, the appellant must demonstrate that were it not for counsel's poor performance, the outcome of the trial would have been different. *Id.*, at paragraph three of the syllabus. There exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Furthermore, "strategy and tactical decisions exercised by defense counsel 'well within the rage of professionally reasonable judgment' need not be analyzed by a reviewing court." *State v. Walker* (1993), 90 Ohio App.3d 352, 359, 629 N.E.2d 471, 475, quoting *Strickland*, 466 U.S. at 699, 104 S.Ct. at 2070, 80 L.Ed.2d at 700–701.

■ In his brief, appellant lists a myriad of examples in which he alleges ineffective assistance of trial counsel. In the interest of maintaining order and sense in this opinion, we have grouped appellant's allegations of error and will respond to them accordingly. To begin, appellant complains that counsel was unprepared for trial, having been appointed to the case only one month before trial, as evidenced by the fact that he presented a short opening statement. However, the record reveals that trial counsel had the benefit of the preparation and investigation performed by counsel previously assigned to the case. Furthermore, the brevity of trial counsel's opening statement, without more, does not support a claim for ineffective assistance of counsel.

■ Next, appellant claims that trial counsel made an admission during the defense's opening statement which prejudiced the appellant. Appellant's trial counsel declared the following in his opening statement:

"Miss Limerick, in her opening statement, indicated that the victim here, Ms. Melody Balyeat, will be able to identify the defendant herself. This defendant passed her going at a high rate of speed and there are other key issues that will be brought up during her testimony."

We find the record unclear as to whether counsel was admitting appellant's participation in the burglary. Furthermore, the jury was informed by the court shortly after this remark that opening statements are not evidence in the case. We are convinced that even if we construed counsel's remark in a light most unfavorable to appellant, given the overwhelming weight of the evidence against appellant in this case, the result of the trial would not have changed had the statement not been made.

■ Appellant also claims that the failure of trial counsel to file a motion to suppress the testimony of the accomplice, Rayford Ward, and the eyewitness identification testimony of Melody Balyeat and the failure to adequately investigate these witnesses were ineffective representation. To the contrary, the record reveals that trial counsel adequately investigated both witnesses and tested their credibility before the jury on cross-examination. Furthermore, trial counsel's failure to file the motions to suppress does not establish ineffective assistance of counsel. In support of his claim concerning the testimony of Ward, appellant relies on *State v. Woolum* (1976), 47 Ohio App.2d 313, 1 O.O.3d 383, 354 N.E.2d 712. *Woolum* held that "[w]here an attorney neglects to file a motion to suppress evidence, which at least arguably could dispose of a criminal charge against his client, the client is deprived of the assistance of competent counsel." *Id.*, at syllabus. However, many Ohio courts agree that this *per se* rule has been in effect overruled by *Bradley, supra* and *State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623, which place the burden on appellant to prove

ineffective assistance of counsel. *State v. Elliott* (1993), 86 Ohio App.3d 792, 795, 621 N.E.2d 1272, 1274, fn. 1. As for the testimony of both Ward and Balyeat, appellant has not demonstrated grounds upon which the testimony of these witnesses could have been suppressed, nor does he demonstrate prejudice resulting from the failure to file the motions. Furthermore, we can conceive of no legal argument which would support the suppression of Melody Balyeat's testimony, nor does the record reflect a basis for a motion to suppress. Likewise, the record bears no support for a motion to suppress the testimony of Rayford Ward. We will not require counsel to file such frivolous motions simply for the sake of placing them on the record to avoid a charge of ineffective assistance of counsel.

 Next, appellant argues that it was ineffective assistance for counsel not to object to jury instructions which failed to include an instruction on the lesser included offense of burglary and which failed to properly instruct the jury on accomplice testimony. We do not find that appellant was prejudiced by the jury instructions given. The instructions were proper and as far as accomplice testimony is concerned substantially stated the language of R.C. 2923.01(H)(2). Furthermore, an instruction on a lesser included offense is required "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser offense." *State v. Wong* (1994), 95 Ohio App.3d 39, 50, 641 N.E.2d 1137, 1144, citing *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. In this case, appellant was charged with aggravated burglary, a violation of R.C. 2911.11(A)(3), which states,

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

" * * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

The Supreme Court of Ohio has held a jury can infer that a person is "likely to be present" in an occupied structure " '[w]here the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent.' " *State v. Fowler* (1983), 4 Ohio St.3d 16, 19, 4 OBR 14, 16, 445 N.E.2d 1119, 1121, quoting *State v. Kilby* (1977), 50 Ohio St.2d 21, 4 O.O.3d 80, 361 N.E.2d 1336, paragraph one of the

syllabus. Given the facts of the case and testimony included in the record, the state presented ample evidence that the Balyeats' home was regularly inhabited and that the family was only temporarily absent at the time of the burglary. The state clearly supported the charge of aggravated burglary; therefore, an instruction on the lesser included offense of burglary would have been error by the court.

Appellant also argues that counsel was ineffective when he failed to object to the specification hearing taking place outside the sentencing phase and allowed in an uncertified copy of the appellant's prior conviction. This argument is without merit, since it was on the motion of the defense that a specification hearing was held outside the sentencing phase. More important, the specification hearing took place outside the presence of the jury.[1] Given these facts, we do not find that the appellant was prejudiced by the timing of the specification hearing. Moreover, the copy of appellant's prior conviction admitted into evidence at the specification hearing was properly authenticated under Evid.R. 902(4), as it was certified by the deputy clerk as a true and correct copy of the original judgment entry on file at the clerk's office. See Evid.R. 902.

Finally, appellant alleges other misconduct by trial counsel, including the failure of counsel to adequately investigate witnesses, to present a defense, to effectively emphasize the lack of physical evidence in the case, to enlist expert testimony, to object to statements made by the prosecutor and other witnesses, and to subpoena a witness. A review of the record reveals that these allegations by appellant either are unfounded or concern actions that were unnecessary or decisions within the professional judgment of trial counsel. Acts within the professional reasonable judgment of trial counsel will not be second-guessed by this court. *Walker, supra.* Moreover, we do not find that appellant was prejudiced by any of the above actions of trial counsel.

While some actions of trial counsel may have fallen short of exemplary representation, we are not convinced that any of the cited instances prejudiced appellant so as to deprive him of a fair trial. Therefore, after careful consideration of the errors alleged by appellant, we overrule both of appellant's assignments of error.

---

1. See *State v. Swiger* (1987), 34 Ohio App.3d 371, 518 N.E.2d 972, which held that if the defendant requests that the trial judge determine the existence of the specification at the sentencing hearing and evidence of a specification of a former conviction is a matter of sentencing, not an element of the offense charged, it is prejudicially erroneous to permit evidence of the specification to go to the jury.

Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.