I must respectfully dissent from the opinion and judgment of the majority in this matter, since it is my belief that both ineffective assistance of counsel and plain error were present in the court below.
I would reverse on the basis of ineffective assistance of counsel in the suppression hearing; or, alternatively, plain error by the trial court by denying the motion to suppress.
In order to prevail upon a claim of ineffective assistance of counsel, appellant must first show that performance of her trial counsel falls below an objective standard of reasonable representation. Should she accomplish this, she must then show a reasonable probability that, if it were not for counsel's errors, the result of the trial would be different. See State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d 674.
Failure to object to error below does not preserve that error for appeal, unless "plain error" is found. Appellate courts may,sua sponte, take notice of plain error. Crim.R. 52(B). Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice.State v. Cooperrider (1983), 4 Ohio St.3d 226, 448 N.E.2d 452. See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Error does not rise to plain error unless, but for the error, the outcome of the trial would have been different. See State v. Wickline (1990), 50 Ohio St.3d 114,120, 552 N.E.2d 913, 920.
Appellant was charged with possession of cocaine discovered during the search of the car she was driving. Suppression of this evidence ends the case. Clearly, ineffective assistance of counsel in the suppression hearing results in prejudice to the defendant. State v. Woolum (1976), 47 Ohio App.2d 313,354 N.E.2d 712. Prejudicial error by the trial court in the conduct of the suppression hearing will also rise to plain error, warranting reversal. See State v. Whealdon (Mar. 31, 1997), Washington App. No. 96CA29, unreported.
Where a party seeks review of the suppression hearing, the standard for that review is de novo. See State v. Anderson
(1995), 100 Ohio App.3d 688, 654 N.E.2d 1034. In reviewing the adequacy of counsel's assistance in a suppression hearing, it is appropriate to apply this same standard.
A criminal defendant has the burden to state the basis for his motion to suppress, setting forth factual and legal issues with sufficient clarity to alert the court and prosecutor to the issues to be decided. See State v. Shindler (1994), 70 Ohio St.3d 54,636 N.E.2d 319, syllabus. Once the movant establishes the issues in the suppression hearing, the burden falls to the state to establish whether or not probable cause existed for the search and seizure of the contested evidence. See Xenia v. Wallace
(1988), 37 Ohio St.3d 216, 524 N.E.2d 889; Athens v. Wolf (1974),38 Ohio St.2d 237, 313 N.E.2d 405.
Here the police obtained a search warrant based on the information from an informant that the appellant was selling crack cocaine. The warrant was limited in scope, authorizing a search of her person for drugs, or related evidence of drug sales (specifically a marked currency note). The warrant also authorized a nighttime stop.
On the night of appellant's arrest, two officers in an unmarked van followed her as she drove in Chillicothe. After several minutes, the officers contacted another officer in a marked car, who stopped the appellant. The stop was at 7:46 p.m. in mid-October in downtown Chillicothe. Although search of the appellant produced no evidence of criminal activity, the police officers discovered several rocks of crack cocaine under the seat in the automobile she was driving. She was arrested and charged with the possession of a controlled substance.
Appellant filed a timely motion to suppress. At hearing on this matter, the trial court instructed appellant's attorney that he had the burden of going forward (tr. 1-2). Trial counsel then called Chillicothe Police Officers Moore and Goebel, the two officers in the van, to testify. Officer McKee, the uniformed patrol officer who actually stopped appellant, did not testify. From the transcript of the suppression hearing, we learn that neither officer believed appellant constituted a threat (tr. 13). Nor was there a passenger in the automobile. Officer Moore had appellant leave the car (tr. 18) and searched the front seat of the car, while the female officer, Goebel, searched appellant (tr. 13). Officer Moore testified that he had no reason to arrest appellant for a traffic violation and appellant was kept eight to ten feet away from the front of the car by Officers Goebel and McKee (tr. 26). Both officers who testified at the motion hearing were aware that the warrant was only for a personal search and not for the search of the car (tr. 11).
The state based the possession charge on several rocks of crack cocaine found under the front seat of the car and cocaine residue found inside a small flashlight on a key ring with the ignition key to the car. Officer Moore testified initially that he found the cocaine under the front seat of the car when he got in to search for weapons (tr. 18). Later he stated that the cocaine was visible in the seat when he opened the door (tr. 23). It must be remembered that this stop and warrantless vehicle search took place after 7:45 p.m. on an October evening when it was most likely twilight or dark[1]. The flashlight and key ring were attached to the ignition key, which was m the car's ignition. Appellant did not have the key ring on her person when she was searched.
At the close of the hearing, the state raised the issue of appellant's standing to bring her motion, claiming that the appellant had not submitted any evidence that she had a right to operate the automobile. The parties were ordered to brief this issue. The trial court later overruled appellant's motion based on the lack of standing. Appellant's trial counsel did not object to the introduction of this evidence at trial.
Appellant met her burden to establish a legal basis for her motion to suppress. Hence, the burden passed to the state to establish that their warrantless search of the automobile fell within one of the recognized exceptions to her Fourth Amendment protection against unreasonable search and seizure. Yet, trial counsel failed to object when the court insisted that it was his
burden to go forward on the motion.
The two witnesses advanced several rationales for their search, asserting at one point that the evidence was in plain view and at another point that the evidence was discovered during a weapons search. However, the trial court did not base its decision on an exception to the prohibition against warrantless searches. Instead it overruled the motion to suppress because of a failure of the appellant to demonstrate her ownership or authority to control the vehicle, hence her lack of standing to object to the search.
I find, therefore, that counsel's assistance was ineffective when he failed to object to the shifting of the burden to the appellant in the suppression hearing. Counsel compounded this failure when he did not raise objections to the introduction of this evidence at trial.
Further, I find that the trial court committed plain error when it impermissibly shifted the burden of going forward to the appellant. See Shindler, supra. The trial court compounded this error when it allowed the state, after the close of evidence, to raise the issue of standing.
It is true that the appellant had the burden to show standing. See State v. Williams, (1995), 73 Ohio St.3d 153, 166,652 N.E.2d 721, 732-733; State v. Steele (1981), 2 Ohio App.3d 105,107, 450 N.E.2d 1353, 1356. However, appellant's burden does not arise until the state places the issue in controversy. See Statev. Henderson (Nov. 7, 1997), Montgomery App. No. 16016, unreported. The appellant's motion to suppress must only establish that a warrantless search took place and notify the prosecution of the factual or legal grounds on which the defendant's challenge rests. Wallace, supra. Once the defendant meets this burden, the prosecution bears the burden of proving that the search was legal. Even if the police had knowledge of the ownership of the car at the time of the search, they must still introduce that evidence at the suppression hearing. Statev. Thomas (Feb. 14, 1997), Lucas App. No. L-96-150, unreported.
Under these circumstances, the search of the vehicle is a clear violation of the Fourth Amendment right of the appellant, requiring suppression of any evidence obtained thereby. This includes any evidence tainted as "fruit of the poisonous tree," since the search and seizure falls within none of the recognized exceptions to the exclusionary rule.
The standing rationale utilized by the court below to overrule the suppression motion, while somewhat novel in its application, is seriously flawed. The state did not properly place this issue in question, nor did it do so in a timely fashion. It is required to do so to afford the appellant the opportunity to establish her reasonable expectation of privacy in the borrowed automobile and, thereby, establish her standing to challenge the warrantless search. Ignoring this procedural requirement, and then using it as a basis to deny the appellant's suppression motion, is inappropriate and unacceptable to this writer.
When one couples the above errors with the inappropriate placement of the burdens at the motion hearing, the basis for reversal can be either ineffective assistance of counsel, or plain error. Either error is sufficient to require reversal of the denial of appellant's motion to suppress by the trial court.
I would, therefore, REVERSE the lower court's decision, order the motion to suppress be granted and discharge the defendant.
[1] Sunset that evening in Chillicothe would have been before 7:00 p.m.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HASBEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Evans, J.: Dissents with Opinion.
For the Court
 BY: _____________________________ William H. Harsha, Judge