OPINION
This matter presents a timely appeal from a judgment rendered by the Jefferson County Common Pleas Court, finding defendant-appellant, Ernest M. Hamm, Sr., guilty on five counts, including: felonious assault, in violation of R.C. 2903.11 (A) (2), along with an attendant firearm specification; abduction, in violation of R.C. 2905.02, along with an attendant firearm specification; domestic violence, in violation of R.C. 2919.25; aggravated menacing, in violation of R.C. 2903.21; and, telephone harassment, in violation of R.C. 2917.21, along with his subsequent sentencing thereon.
Appellant worked in New Jersey and would return to Ohio on his days off to visit with his wife, Toni Hamm (the victim), and his two sons, Christopher Hamm (Christopher) and Ernest Hamm, Jr. On February 25, 1997, appellant was at home visiting the victim when the two became engaged in a heated argument over an insurance policy. While the yelling and name calling proceeded, appellant poured a glass of soda and a shot of whiskey. The argument escalated and appellant threw the shot glass and the glass of soda, which shattered on the wall. Neither of the glasses struck the victim. Appellant then threw a snack table, which also missed the victim. Appellant then proceeded to pick up an asthma machine, hurling it toward the victim. The asthma machine hit the right side of the victim's face, causing scratches and some bleeding which later formed a bruise.
After observing the swelling on her face, the victim started for the kitchen to get some ice. As she stepped into the living room, appellant allegedly wielded a gun. Although there was conflicting testimony as to whether appellant ever pointed the gun at the victim, appellant did admit that Christopher entered the room and told him to put the gun down, which he did.
Christopher then led the victim into his bedroom, later returning to the living room to calm his father. Christopher unloaded the gun and took the bullets to his room. That evening, appellant slept in the living room while the victim remained in Christopher's room.
The next morning, the victim took Christopher to the doctor due to his anxiety. Later that day, the victim and Ernest, Jr., took appellant to the airport to return to New Jersey. Once in New Jersey, appellant repeatedly telephoned the victim, threatening to harm her. During these persistent calls, the victim recorded the conversations.
On June 4, 1997, the Jefferson County Grand Jury indicted appellant on five counts, including: felonious assault, with an attendant firearm specification; abduction, with an attendant firearm specification; domestic violence; aggravated menacing; and telephone harassment. After a jury trial on July 31, 1997 and August 1, 1997, the jury found appellant guilty on all counts and specifications. On August 6, 1997, the trial court sentenced appellant to a definite six year incarceration term for felonious assault, along with an actual three year incarceration term for the attendant firearm specification; a definite four year incarceration term for abduction, along with an actual three year incarceration term for the firearm specification; a definite six month incarceration term for domestic violence; a definite six month incarceration term for telephone harassment; and a definite three month incarceration term for aggravated menacing. The trial court ordered that all sentences be served concurrently except for the firearm specifications which were to be served concurrently with each other, but consecutively to the other sentences. Therefore, appellant's aggregate incarceration term was nine years. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
"MR. HAMM WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
The United States Supreme Court provided a standard for determining ineffective assistance of counsel in Strickland v.Washington (1984), 466 U.S. 668. In order to demonstrate ineffective assistance of counsel, an appellant must first show that his defense counsel was deficient. Strickland, supra. This requires that appellant show that his defense counsel's performance fell below an objective standard of reasonableness.Strickland, supra. The second part of the Strickland test requires that appellant prove that he was prejudiced by defense counsel's deficiency. To demonstrate prejudice, an appellant must, "* * * show that there is a reasonable probability that, but for [defense] counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra at 694. The Ohio Supreme court adopted the Strickland test in State v. Bradley (1989), 42 Ohio St.3d 136, and held that there is a presumption of effective assistance of counsel. Furthermore, a reviewing court cannot use the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Strickland, supra.
Appellant claims that defense counsel's ineffectiveness first became evident during voir dire. Appellant reasons that he needed effective voir dire to insure impartiality of the jury. Morgan v.Illinois (1992), 504 U.S. 719. To achieve effective voir dire, appellant maintains that counsel must cover specific subjects. Appellant argues, however, that his defense counsel did not ask a sufficient number of questions and that those questions which were asked were not sufficiently probing. Appellant alleges that he was prejudiced as he could not insure impartiality of the jury due to defense counsel's ineffectiveness.
We find that defense counsel's actions during voir dire were reasonable, as he was not required to ask specific questions, nor did his conduct have to take a particular form. State v. Evans
(1992), 63 Ohio St.3d 231. Even if defense counsel did not question some of the prospective jurors, this decision falls within the range of reasonable professional assistance. Bradley,supra. Furthermore, a trial tactic does not establish a lack of effective counsel. State v. Clayton (1980), 62 Ohio St.2d 45. The types and amounts of questions asked of prospective jurors was a trial tactic and defense counsel was in a better position to determine how voir dire should proceed than a reviewing court.
Furthermore, although appellant claims that it cannot be determined if the jurors could have given him a presumption of innocence, defense counsel asked specific questions concerning the jurors' capability of affording appellant with such presumption. (Tr. 32). In addition, the prosecutor asked specific questions during voir dire pertaining to the prospective jurors' ability to be fair and impartial, including questions such as, "* * *can everyone here put aside feelings of sympathy for either side, the prosecution or the defense, and decide this case just strictly on the facts presented to you today?" (Tr. 25). Therefore, defense counsel was effective during voir dire as his conduct did not fall below an objective standard of reasonableness. Strickland, supra.
Next, appellant claims that defense counsel was ineffective during trial due to his failure to object when appropriate to exclude inadmissible evidence. State v. Woolum (1976), 47 Ohio App.2d 313. Because defense counsel failed to object, appellant claims that he was unable to preserve the trial court's improper admission of evidence and testimony for appellate review.
Appellant claims that defense counsel was deficient with respect to the testimony of five witnesses. First, appellant contends that defense counsel failed to object when Officer Susan Bell, who investigated the case at bar, offered hearsay testimony. Appellant points to several statements upon which Officer Bell's testimony was focused, including: the statements made by Christopher to an officer during an initial phone call, the victim's statement concerning the firearm in the residence and the statement by New Jersey Police stating that appellant's defense counsel indicated appellant was reluctant to go to jail in New Jersey. Appellant maintains that this testimony was given before the victim or Christopher testified. Further, appellant asserts that the New Jersey Police and appellant's defense counsel never testified. Thus, appellant claims that such testimony violated Evid.R. 802 pertaining to hearsay.
Hearsay is defined under Evid.R. 801 (C), which states:
 "(C) Hearsay. ` Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
In State v. Thomas(1980), 61 Ohio St.2d 223, the Ohio Supreme Court held that statements offered to explain an officer's conduct during the course of an investigation are not hearsay. InState v. Blevins (1987), 36 Ohio App.3d 147, the court recognized a potential for abuse in admitting such statements. The court inBlevins, supra, went on to limit the admission of such statements only after a showing that the officer's conduct, which was the focus of the statement, was "* * * relevant, equivocal and contemporaneous with the statements." In the present matter, Officer Bell's testimony regarding the New Jersey police department's statements were admitted to explain how appellant was ultimately arrested by Ohio police. Such statement, thus, was offered to explain the officers' conduct during the course of the investigation. The police custody of appellant was relevant, equivocal and contemporaneous with the statement as the New Jersey police stated that appellant's defense counsel indicated appellant's desire to come back to Ohio rather than being imprisoned in New Jersey. Blevins, supra. Therefore, such statement was not hearsay and the actions of defense counsel did not fall below an objective standard of reasonableness in failing to object to the admission of this statement. Strickland, supra.
Officer Bell's testimony concerning statements made by Christopher and the victim were hearsay. Defense counsel, thus, should have objected to exclude such testimony. However, Officer Bell's testimony concerning Christopher's statement to a police officer did not prejudice appellant. In such statement, Christopher simply stated that his mother was not home and that he was not permitted to speak to anyone unless his mother was present. Similarly, Officer Bell's testimony concerning the victim's statement that she feared appellant would become angry if the police took custody of his gun, did not prejudice appellant. While arguably, this statement could be utilized to demonstrate that appellant had a short temper, appellant testified that his temper was "a little quick." (Tr. 180). Therefore, the victim's statement was reiterated by appellant and did not prejudice him. Furthermore, any statements made by the victim to Officer Bell concerning the incident in question did not prejudice appellant, as the victim later testified about the altercation between herself and appellant. Therefore, while defense counsel's failure to object may have fallen below an objective standard of reasonableness, appellant has failed to demonstrate there was a reasonable probability that but for these errors, the trial outcome would have been different. Strickland,supra.
Second, appellant argues that defense counsel should have objected to parts of the victim's testimony. Appellant maintains that defense counsel should have objected because the prosecutor asked the victim leading questions. However, defense counsel correctly objected to such questions and the trial court sustained these objections. (Tr. 96). Appellant next argues that defense counsel failed to object when the victim testified to statements made by Christopher, wherein Christopher told the victim that the gun was loaded. While defense counsel should have objected to this statement as being hearsay, such failure did not prejudice appellant as appellant later testified that the gun was loaded. (Tr. 172). The evidence that the gun was loaded reached the jury through later testimony. Therefore, appellant was not prejudiced as it cannot be said that there was a reasonable probability that the trial outcome would have been different had defense counsel objected to this testimony. Strickland, supra.
Appellant also contends that the victim's testimony constituted hearsay when she testified to the physician's diagnosis of Christopher, stating that the physician had, "* * * recommended that [she] not take Christopher back to the house, to let him calm down right now." (Tr.101-102) However, this statement was not hearsay as it was not admitted to prove the truth of the matter asserted, but rather, was used to demonstrate that both the victim and her son had experienced a great amount of fear resulting from the incident. Defense counsel's failure to object to the physician's statement did not fall below an objective standard of reasonableness. Strickland, supra. Therefore, appellant failed to demonstrate that he received ineffective assistance of counsel regarding the victim's testimony.
Third, appellant argues that defense counsel should have objected to the testimony of Dr. Patrick Arakawa, the doctor who had examined Christopher the day after the incident. Appellant contests that Dr. Arakawa's testimony as to Christopher's condition was irrelevant because Christopher was not a victim. (Tr. 134). However, defense counsel objected to the testimony concerning the condition of appellant's son, and after such objections, no further testimony concerning Christopher's condition was obtained. Therefore, defense counsel's conduct did not fall below an objective standard of reasonableness in this regard. Strickland, supra. Appellant also asserts that any testimony offered by Dr. Arakawa as to the condition of the victim and statements made by the victim about the incident, should have been objected to, as Dr. Arakawa did not examine the victim and testimony as to her statements was hearsay. While the physician's testimony concerning the victim's statement about the incident amounted to hearsay, it did not prejudice appellant. The victim later testified that appellant struck her in the head with an asthma machine, thereby causing scratches on her face. This information was the same information which came from the physician's testimony. Therefore, appellant has failed to demonstrate that there was a reasonable probability that but for defense counsel's failure to object, the outcome of the trial would have been different. Strickland, supra.
Fourth, appellant contends that defense counsel did not properly object to the testimony given by the clinical psychologist, Dr. John McFadden. Appellant maintains that Dr. McFadden testified to Christopher's condition and gave a diagnosis of post-traumatic stress disorder, without objection, although Christopher was not a victim. Appellant argues that defense counsel should have objected to this testimony on relevancy grounds.
The testimony offered by Dr. McFadden demonstrated that Christopher suffered from severe trauma. This testimony had the tendency to make it more probable that appellant committed the violent acts against the victim and was relevant under Evid.R. 401. Defense counsel's failure to object to this testimony did not fall below an objective standard of reasonableness.Strickland, supra. Appellant further submits that defense counsel failed to illicit some other source of Christopher's stress during his questioning of Dr. McFadden. However, defense counsel's decision on how to question Dr. McFadden constituted a trial tactic and as such, did not demonstrate ineffective assistance of counsel. Clayton, supra. Therefore, defense counsel was not ineffective regarding the testimony of Dr. McFadden.
Finally, appellant claims that his defense counsel failed to object to the prosecutor's attempt to impeach the testimony offered by Christopher, showing that Christopher had changed his story from the initial statement given to law enforcement officers.
Evid.R. 607 permits a party to attack the credibility of its own witnesses under certain situations stating:
"Who May Impeach
 "The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. * * *."
Surprise is best defined in State v. Moore (1991), 74 Ohio App.3d 334,343, wherein the court stated:
 "The existence of surprise is a factual issue left to the trial court's discretion* * * and surprise may be shown if the witness's trial testimony is materially inconsistent with his prior written or oral statement, and counsel lacked reason to believe that the witness would recant when called to testify * * *."
Affirmative damage is best defined in State v. Blair (1986),34 Ohio App.3d 6, wherein the court stated:
 "Affirmative damage occurs if the party's own witness testifies to facts that contradict, deny, or harm that party's trial position."
In the present matter, defense counsel could have objected to the prosecutor's attempt to impeach Christopher. Such objection would have required that the prosecutor demonstrate surprise and affirmative damage. However, defense counsel's failure to object did not prejudice appellant. The prosecutor would have been able to prove surprise because Christopher testified that appellant did not aim the rifle at the victim, but this contradicted his earlier, written statement. (Tr. 144) Moore, supra. Furthermore, the prosecutor would likewise have been able to prove affirmative damage because Christopher's testimony injured the prosecutor's position that appellant aimed a loaded gun at the victim. Blair,supra. Therefore, appellant has not demonstrated a reasonable probability that but for defense counsel's failure to object to the impeachment of Christopher, the outcome of the trial would have been different. Strickland, supra.
Given that all of appellant's claims have individually and collectively failed either the first or second prong of theStrickland test, it cannot be said that appellant received ineffective assistance of counsel.
Appellant's sole assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., and Waite, J., concurs.
APPROVED:
EDWARD A. COX, PRESIDING JUDGE