OPINION
{¶ 1} Appellant Jerry Moss appeals his conviction, in the Licking County Municipal Court, on one count of sexual imposition (R.C. 2907.06(A)(3)). The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 7, 2004, a fifteen-year-old female, who was visiting appellant's residence along with several of appellant's daughter's acquaintances, fell asleep on the couch while watching a movie. The victim later alleged that she awoke to find appellant with his hands under her shirt, rubbing her breasts. Pataskala police officers initially interviewed appellant on May 7, 2004. Appellant was again contacted by the police and appeared for a second interview on July 7, 2004. According to Officer Gary Smith, this interview resulted in appellant providing a written statement to the officers admitting that he was rubbing the victim's shoulders on the day in question, but had a "weak moment" and rubbed the side of the victim's breast. He denied, however, putting his hand "down her shirt." Tr. at 49.
 {¶ 3} Appellant was thereafter charged with one count of sexual imposition. He appeared before the trial court on July 30, 2004, and entered a plea of not guilty. The trial court appointed defense counsel, and the matter proceeded to a jury trial on May 5, 2005. During the trial, evidence was presented concerning appellant's statement to the police on July 7, 2004. Upon consideration of all the evidence, the jury returned a verdict of guilty. Appellant was thereupon sentenced to a sixty-day suspended jail sentence, a fine of $200 plus court costs, and one year of probation. On June 3, 2005, the court made an additional finding that appellant was a sexual offender pursuant to statute.
 {¶ 4} On June 24, 2005, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE OF COUNSEL BELOW TO FILE A TIMELY AND MERITORIOUS MOTION TO SUPPRESS THE STATEMENT ATTRIBUTED TO THE ACCUSED.
 I. {¶ 6} In his sole Assignment of Error, appellant argues that he was deprived of the effective assistance of counsel due to his trial attorney's decision not to seek suppression of appellant's statement to police. We disagree.
 {¶ 7} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 8} Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v. Butcher, Holmes App. No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing State v. Robinson
(1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.[1] The core issues before us are whether trial counsel should have filed a motion to suppress appellant's confession on Miranda grounds or on the basis that it was involuntary.
 {¶ 9} In Miranda v. Arizona (1966), 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed. 694, the United States Supreme Court held that theFifth Amendment to the United States Constitution prevents the admission at trial of statements made by a defendant during custodial interrogation when the defendant has not been advised of certain rights. "Miranda was concerned with the inherent coercion of station-house interrogation. However, not all station-house interrogation triggers the Miranda warning requirement. It is the fact of custody, not its purpose, that is determinative." State v. Petitjean (2000), 140 Ohio App.3d 517,523, 748 N.E.2d 133. In applying Miranda, the ultimate inquiry is whether there is a "formal arrest or restraint on movement of the degree associated with a formal arrest." See State v.Warrell (1987), 41 Ohio App.3d 286, 287, 534 N.E.2d 1237, citingCalifornia v. Beheler (1983), 463 U.S. 1121, 1125,103 S.Ct. 3517, 77 L.Ed.2d 1275. In making this determination, the trial court must determine how a reasonable person in the suspect's position would have understood his position Id., citing Berkemerv. McCarty (1984) 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317.
 {¶ 10} In determining voluntariness, we look at the totality of the circumstances as set forth in State v. Edwards (1976),49 Ohio St.2d 31, 358 N.E.2d 1051, judgment vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155: "In deciding whether the defendant's confession was involuntarily induced, the court should consider the totality of the circumstances, including, the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." Id. at paragraph two of the syllabus.
 {¶ 11} In the case sub judice, although appellant's version of the interview during his trial testimony differed in several respects, Patrolman Gary Smith recounted that appellant voluntarily came to the station a second time after Smith contacted him. Tr. at 48. Smith asked appellant if he had anything to add to his original statement of denial on May 7, 2004. Id. Smith testified he did not tell appellant what to write. Tr. at 49. Smith recalled that the interview lasted about a half an hour, further noting:
 {¶ 12} "Uh . . . basically, I told him that I wanted to give him another chance because I didn't think he was being completely honest, based on . . . I'll just say I didn't think he was being completely honest. Uh . . . I told him repeatedly he did not have to give a statement; that he was free to leave. And I repeatedly let him know he was free to leave, but he wanted to stay and talk some more." Tr. at 50.
 {¶ 13} Lieutenant Steven Garabuso, who also participated in the interview of July 7, 2004, recalled in part as follows: "Mr. Moss had come in absolutely on his own. Uh . . . and he was explained several times by Officer Smith and myself that he was free to leave at any time. He was not under arrest. Um . . . we discussed the case, which we're all aware of as sexual imposition. Um . . . we discussed the events that had gone on that particular day, which we're here for about now. Um . . . Mr. Moss went on. We talked about the events. We . . . he explained that he initially touched, I believe, her arm. He went on to say that from her arm he touched her shoulder, after he touched her shoulder he went on and touched her side. Um . . . he further explained that he may have touched her breast. He didn't say he did. He did say he may have accidentally touched her breast. He didn't say he did. He did say he may have accidentally touched her breast. Uh . . . I think he actually said it was a uh . . . how did he put it . . . `a red-blooded American male.' A uh . . . what he did say . . . `a momentary lapse of . . .' what did he say? I forget exactly how he put it." Tr. at 56. At about that point, appellant proceeded to write out his confession. Tr. at 57. On cross-examination, Garabuso conceded that the interview probably lasted more that an hour, but he did not believe it lasted three hours, as defense counsel suggested. Tr. at 62.
 {¶ 14} Appellant's brief, with no citation to the record, asserts that appellant was in "poor health" and diabetic, and lacked prior experience with the criminal justice system. Appellant's Brief at 14. Appellant at trial essentially recounted that Smith and Garabuso "badgered" him into confessing. See Tr. at 70. However, based on the record before us, particularly in light of the officers' testimony that appellant appeared at the station on his own and was repeatedly told he was free to leave, we are unable to conclude that trial counsel's decision not to seek suppression of the confession on Miranda or voluntariness grounds constituted ineffective assistance. Strickland, supra.
 {¶ 15} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.
Wise, P.J. Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.
Costs to appellant.
[1] Appellant cites State v. Woolum (1976),47 Ohio App.2d 313, 354 N.E.2d 712, for the proposition that his burden on appeal is merely to show the motion to suppress "at least arguably" would have had merit. However, the Woolum standard has been rejected by a number of Ohio appellate courts, and we decline to adopt it herein. See, e.g., State v. Shanafelt-Esper
(Jan. 8, 1998), Washington App. No. 96 CA 22, citing State v.Kuntz (Feb. 26, 1992), Ross App. No. 1691.