[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Subsequent to the trial court's denial of his motion to suppress, defendant-appellant Anthony Williams entered pleas of no contest and was found guilty of one count each of possession of cocaine, in violation of R.C. 2925.11(A), a second-degree felony, and trafficking in cocaine, in violation of R.C. 2925.03(A), a third-degree felony.
During the execution of a search warrant at 6335 Paddock Road ("the residence"), cocaine was found. Earlier the same day, a confidential informant had transacted a drug purchase with a seller. The seller told the confidential informant that he had to go elsewhere to get the cocaine, and the seller was followed by police officers to the residence, where he met Williams and went inside with him. Williams and the seller then emerged from the residence together after a short time from within the residence and entered the seller's automobile. After a few more minutes, the seller drove away, and Williams returned to the residence. The seller confirmed with the confidential informant in a telephone call that he had the cocaine, but that he had to make a stop before returning to complete their transaction.
In his first assignment of error, Williams contends that the trial court erred when it held that he had no standing to challenge the search of the residence. The Ohio Supreme Court has stated the following with regard to standing:
 The rule followed by courts today with regard to standing is whether the defendant had an expectation of privacy in the home that society is prepared to recognize as reasonable. The burden is upon the defendant to prove facts sufficient to establish such an expectation. Rakas v. Illinois (1978), 439 U.S. 128, 131, 99 S.Ct. 421, 424, 58 L.Ed.387, 393, fn. 1; State v. Steele (1981), 2 Ohio App.3d 105, 107, 2 OBR 118, 120, 440 N.E.2d 1353, 1356.[1]
 While the United States Supreme Court in Minnesota v. Olson has recognized that an overnight guest in a home does have an expectation of privacy that society is prepared to recognize as reasonable,[2] in Minnesota v. Carter, the Court concluded that a defendant who was present in another's apartment for the purpose of bagging cocaine did not have a legitimate expectation of privacy in the apartment, as the defendant was merely present with the consent of the resident.[3]
In this case, there was no testimony of any recent overnight stays in the residence by Williams, or that he currently lived there, or that the residence was currently rented or owned by him. One witness did testify that she had lived with Williams at the residence, rented by her mother, but that had been several years ago. The woman's mother did not testify at the suppression hearing, nor did Williams. Williams was not present when the search warrant was executed and the cocaine was discovered. When he was arrested, Williams identified a different address as his residence.
The facts in the case sub judice lie somewhere between that of the overnight guest, who does have standing to challenge a search, and the individual merely on the premises with the owner's consent, who does not. But, based on the record, we hold that Williams's evidence failed to establish that he had a reasonable, legitimate expectation of privacy in the residence. The trial court properly ruled that Williams lacked standing to challenge the search. Accordingly, the first assignment of error is overruled.
In the second assignment of error, Williams contends that he was denied the effective assistance of counsel due to counsel's failure to respond to the state's argument that he lacked standing to challenge the search of the residence. To support his claim of ineffective assistance, Williams "must show that counsel's representation fell below an objective standard of reasonableness,"[4] and that he was prejudiced by counsel's deficient performance.[5] To demonstrate prejudice, Williams "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[6]
Williams acknowledges in his brief that counsel "made an effort to establish standing." Moreover, even if counsel failed to counter the state's argument that Williams lacked standing, as we have already held that there was no standing to challenge the search, Williams cannot demonstrate that he suffered prejudice because of counsel's performance. Accordingly, the second assignment of error is overruled.
In the third assignment of error, Williams contends that the trial court erred when it overruled his motion to suppress. He argues that the affidavit for the search warrant lacked sufficient probable cause to support a search, that the officers exceeded the limits of a search permitted by a protective sweep, and that there were no exigent circumstances to justify any search prior to arrival of the search warrant at the residence. Having already decided that Williams lacked standing to challenge the search, we need not address these issues and overrule the third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. Williams (1995), 73 Ohio St.3d 153, 166, 652 N.E.2d 721,732-733.
[2] See Minnesota v. Olson (1990), 495 U.S. 91, 98, 110 S.Ct. 1684,1689.
[3] See Minnesota v. Carter (1998), 525 U.S. 83, 90,119 S.Ct. 469, 473.
[4] See Strickland v. Washington (1984), 466 U.S. 668, 688,104 S.Ct. 2052, 2064.
[5] See Strickland v. Washington at 687, 104 S.Ct. at 2064; Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[6] See Williams v. Taylor (2000), 529 U.S. 362, 391, 120 S.Ct. 1495,1511-1512; Strickland v. Washington at 694, 104 S.Ct. at 2068; State v.Murphy (2001), 91 Ohio St.3d 516, 538, 747 N.E.2d 765, 794.