JOURNAL ENTRY AND OPINION
Defendant-appellant Eric Mitchell ("appellant") appeals the judgment of the trial court which, after a jury trial, found him guilty of possession of drugs and sentenced him to a term of 12 months incarceration. For the reasons set forth below, we affirm the judgment of the trial court.
Appellant was indicted on March 7, 2001 on one count of possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree. Appellant pled not guilty and the matter proceeded to a jury trial.
The state presented testimony of Officer Grafton, a patrol officer with the Cleveland Police Department. He stated that on October 6, 2000 at about 10:30 p.m. he was working traffic detail on Woodland Avenue. He was in a black and white patrol car with Officer Holmes running stationary radar. The officers observed a vehicle speeding and noticed that, as it passed the patrol car, the driver was tipping up a bottle of what appeared to be beer. Additionally, they observed the vehicle weaving in between lanes and heard loud music coming from the vehicle. After clocking the car's speed, they pulled out behind it to initiate a traffic stop. At that point, they radioed the license plate and ascertained that the car belonged to appellant.
Officer Emerick arrived at the scene in another zone car to assist with the traffic stop. As the officers approached the vehicle, they noticed the driver making movements underneath the seat and became suspicious. Officer Holmes went to the driver's side and asked the appellant for a driver's license. Believing that the driver may have been drinking, Officer Holmes asked the driver to step out of the vehicle. Officer Grafton walked around to the driver's side of the vehicle to assist Officer Holmes, while Officer Emerick positioned himself on the passenger side of the vehicle. Officer Grafton stated that, as the appellant emerged from the driver's side, he noticed an odor emanating from the vehicle known to him as PCP. Officer Holmes then asked the appellant to submit to a field sobriety test, which appellant refused. The officer then advised the appellant that he would be placed under arrest for driving under the influence. He was then taken into the back of the patrol car.
Officer Grafton then observed Officer Emerick remove the front seat passenger from the vehicle. Officer Grafton testified that he saw Officer Emerick reach to the floorboard of the car and retrieve a cigarette. The last two gentlemen were eventually removed from the backseat of the vehicle at which time Officer Holmes obtained another cigarette.
The state presented the testimony of Officer Emerick who corroborated the testimony of Officer Grafton. He stated that as the front seat passenger was exiting the vehicle, he also noticed a pungent smell of PCP and thereafter retrieved a cigarette.
The state presented further testimony of Officer Holmes who corroborated the events as recounted by the other officers. He stated that he placed the appellant under arrest and read him his Miranda rights. Officer Holmes testified that he then asked the appellant to whom the cigarettes laced with PCP belonged. The officer stated: "[appellant] said they were out partying together, and that it was — the cigarettes were all of theirs; they were sharing. They shared the cost of it, and that they were theirs, all four of the people that were in the car." (T. 327)
The defense presented testimony of Frank Boone who stated that he was seated behind the front passenger's seat when appellant's vehicle was pulled over. Boone testified that he did not see any PCP cigarettes in the appellant's car that evening. On cross-examination, Boone admitted that he only traveled in the car with the others for about two minutes and that he did smell something while he was in the car. The defense presented no additional evidence to refute the events of October 6, 2000 as recounted by the officers.
Thereafter, the jury found the appellant guilty of possession of drugs and the trial court sentenced the appellant to twelve months incarceration. It is from this ruling that the appellant now appeals, asserting three assignments of error for our review.
 I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR POSSESSION OF DRUGS AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Within this assignment of error, appellant challenges the sufficiency of the evidence supporting a conviction and asserts that the jury's verdict was against the manifest weight of the evidence. We disagree.
A. Sufficiency of the Evidence
The appellant contends that there existed no evidence to establish that he knowingly obtained, possessed or used a controlled substance under R.C. 2925.11.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492 at paragraph two of the syllabus, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh
(2001), 90 Ohio St.3d 460, 484, 739 N.E.2d 749.
Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
"Possession" is defined in R.C. 2925.01(K) as follows:
 "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
Possession may be actual or constructive. State v. Haynes (1971),25 Ohio St.2d 264, 267 N.E.2d 787; State v. Hankerson (1982),70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Wolery (1976), 46 Ohio St.2d 316, 329, 348 N.E.2d 351. Constructive possession will be established where the accused was able to exercise dominion or control over the contraband. Id. Finally, readily useable drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession.State v. Scalf (1998), 126 Ohio App.3d 614 citing State v. Pruitt
(1984), 18 Ohio App.3d 50, 58, 480 N.E.2d 499.
Applying the foregoing, we note that the state's evidence demonstrated that two of the police officers detected the pungent smell of PCP in the car that evening. Additionally, the defense witness admitted to noticing the smell. Two cigarettes were retrieved from the vehicle; one was located in the front seat on the passenger's side. Finally, Officer Holmes testified that when asked about who owned the drugs, the appellant responded that all of the occupants of the car were sharing the cigarettes. Construing the evidence in a light most favorable to the prosecution as directed in State v. Jenks, supra, we conclude that a rational trier of fact could have found that, although appellant did not exercise actual control over the PCP cigarettes, he was nonetheless able to exercise dominion or control over it. Additionally, a rational trier of fact could have inferred that the appellant knowingly possessed the drugs, particularly in light of the strong odor in the car and his statement demonstrating that he knew the cigarettes were in the car. Accordingly, we are unable to conclude that appellant's conviction for possession of drugs found in his car was supported by insufficient evidence.
B. Manifest Weight of the Evidence
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717, citing Tibbsv. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v.Mattison (1985), 23 Ohio App.3d 10, 490 N.E.2d 926.
In the present case, the jury was faced with weighing the evidence presented. They evaluated the credibility of the prosecution's witnesses, the credibility of the appellant's witness and all circumstantial evidence and determined that the appellant did knowingly possess drugs. In light of the foregoing analysis, we cannot say that jury lost its way and created such a manifest miscarriage of justice such that the conviction is against the manifest weight of the evidence.
 II. APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED TO HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Appellant contends that trial counsel's failure to file a motion to suppress an oral statement allegedly made by him at the time of arrest amounts to ineffective assistance of counsel. We disagree.
In establishing a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
Strickland v. Washington (1986), 466 U.S. 668, 687, 104 S.Ct. 2052. Accord State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. The Strickland Court also cautioned courts examining the issue that:
 Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac (1982), 456 U.S. 107, 1330134, 71 S.Ct. 1558. * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'
466 U.S. at 689. See, also, State v. Frazier (1991), 61 Ohio St.3d 247,253, 574 N.E.2d 483. Furthermore, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v. Morrison (1986), 477 U.S. 365, 384,106 S.Ct. 2574. A criminal defendant must show that the failure to file the motion to suppress caused him prejudice. State v. Robinson (1996),108 Ohio App.3d 428, 433, 670 N.E.2d 1077.
In the instant matter, the appellant's contention that he would not have been convicted but for his statement made to the police that all of the occupants were sharing the cigarette is unfounded. As aforementioned, the pungent smell of PCP emanating from the car, in addition to the cigarette found in close proximity to the appellant would have been sufficient to infer that he knowingly possessed drugs. Therefore, this assignment of error is overruled.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO GIVE SEPARATE REASONS FOR IMPOSING THE MAXIMUM SENTENCE FOR ONE OFFENSE AS REQUIRED BY R.C. 2929.19 (B)(2)(d).
Appellant avers that the trial court erred in failing to state its reasons for imposing the maximum sentence for one offense as required by R.C. 2929.19 (B)(2)(d). We disagree.
A trial court is required to make a finding that a defendant fits within one of the categories listed in R.C. 2929.14 (C) when imposing a maximum sentence for an offense. Pursuant to R.C. 2929.19(B)(2)(d), the trial court must state its reasons on the record that support such a finding. State v. Parker (June 7, 2001), Cuyahoga App. Nos. 78257, 78809, unreported citing State v. Edmonson (1999) 86 Ohio St.3d 324.
We note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C.2953.08; State v. Parker, (Jan. 19, 1999) Clermont App. No. CA 98-04-025, unreported; State v. Garcia, 126 Ohio App.3d 485,710 N.E.2d 783; State v. Donnelly, (Dec. 30, 1998), Clermont App. No. CA98-05-034, unreported.
In the present case, the trial court stated in the sentencing hearing:
 * * * the Court finds that you received probation * * * in several cases in `97 and you were unsuccessful on the probation and she did eventually send you to prison.
 You were also sent to prison by Judge * * * in `99 and by Judge * * * in `99.
 * * * It appears to this Court that you are engaged in a constant pattern of criminal activity and that you pose a great likelihood of recidivism, having violated probation, having also received several prison terms in a very short period of time. (sic)
 And therefore, the Court sentences you on Count 1 to twelves months incarceration * * *.
The court found that the appellant fit within R.C. 2929.14(C) by stating on the record that he posed a great likelihood of committing future crimes. It further went on to state the reasons for this finding. We find that the trial court complied with the applicable statutes in sentencing the defendant. The sentence imposed is supported by the record and not contrary to law. Therefore this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR.