JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mark Wade, appeals the decision of the Cuyahoga County Common Pleas Court that convicted him of three counts of receiving stolen property after a jury found him guilty of these offenses. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that on April 22, 2001, Solon Police Officer Stephen K. Rose was assigned the duty of serving a tax summons on a Michelle Wagner reportedly residing at 31250 Cannon Road in Solon, Ohio. While at that address, Officer Rose observed several vehicles parked on the property. In particular, the officer noticed a white Mercedes parked on the property with an expired temporary tag. Solon Codified Ordinance 660.14 prohibits unlicensed vehicles from being parked at a residence unless they are garaged or are otherwise covered. In an attempt to verify that the temporary tag was indeed expired, the officer learned that the license was not issued for the Mercedes. While writing a warning for having an unlicensed vehicle, the officer noticed a Cadillac without license plates. At this point, the officer began checking several of the vehicles on the property through the Law Enforcement Automated Data System ("LEADS") and discovered that many of the non-complying vehicles had been reported stolen, including, inter alia, a Mercury Marquis, two Cadillacs and an Oldsmobile.
During the course of this officer's discovery, appellant's wife, Marilyn Harley Wade, appeared. The officer advised Ms. Wade that he had originally come to serve a tax summons on a Ms. Wagner. Appellant's wife informed the officer that Ms. Wagner no longer lived at the residence but that she continued to receive her mail there. The officer then informed Ms. Wade about his discovery regarding the vehicles on the property. After informing the officer that the vehicles belonged to appellant and that he repossesses cars for a living, Ms. Wade permitted the officer to enter the residence. While looking for appellant, the officer noticed several automobile parts strewn about the garage, which the officer described as being consistent with a "chop shop."[1]
Appellant was not found on the premises but did contact Officer Rose at some point thereafter. The officer testified that, after advising appellant of his constitutional rights, appellant offered a statement attempting to support that his possession of these vehicles was lawful. With regards to the Mercury Marquis, appellant claimed that he observed this vehicle disabled on an interstate and that an individual known only as "George" requested that he tow the vehicle and repair it. George left no identifying information and appellant claimed never to have seen him again. A similar statement was made regarding the Oldsmobile. An individual by the name of David West reportedly left this vehicle at appellant's auto repair shop and likewise left no identifying information nor returned to claim it. This same individual left one of the Cadillacs at appellant's shop for repair while an individual by the name of Joe Wilson reportedly did the same with the other Cadillac. As before, appellant claimed that neither vehicle was ever claimed.
 {¶ 3} Appellant was eventually indicted for six counts of receiving stolen property, in violation of R.C. 2913.51. Prior to trial, the state nolled two counts and trial proceeded on the remaining four counts of receiving stolen property. In addition to the testimony of Officer Rose, the state called the owners of the respective vehicles. At the close of the state's case, the trial court dismissed one count of the indictment upon appellant's motion for acquittal but otherwise denied the motion. Appellant thereafter called one witness, Johnetta Miller. Ms. Miller testified that appellant had previously repaired her vehicle after stopping to assist her on the highway.
 {¶ 4} The jury, nonetheless, found appellant guilty of the three remaining counts of receiving stolen property. The trial court thereafter sentenced appellant to three concurrent 15-month terms of imprisonment.
 {¶ 5} Appellant is now before this court and assigns three errors for our review.
 I. {¶ 6} In his first assignment of error, appellant complains that his trial counsel was ineffective for failing to seek suppression of the vehicles confiscated by the investigating officer.
 {¶ 7} In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. at 694.
In general, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v.Morrison (1986), 477 U.S. 365, 384; State v. Nields (2001),93 Ohio St.3d 6, 66-67. A criminal defendant asserting a claim of ineffective assistance on this basis must show that the failure to file the motion to suppress caused him or her prejudice. State v. Robinson
(1996), 108 Ohio App.3d 428, 433. A motion to suppress evidence seeks to challenge the arrest, search or seizure as somehow being in violation of the Fourth Amendment of the United States Constitution. The principal remedy for such a violation is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. See Katz, Ohio Arrest, Search and Seizure (2001) 31, Section 2.1. Exclusion is mandatory under Mapp v. Ohio (1961), 367 U.S. 643 when such evidence is obtained as a result of an illegal arrest, search or seizure.
The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution protects individuals from unreasonable government intrusions into areas where there is a legitimate expectation of privacy. Katz v. United States (1967), 389 U.S. 347, 357. Searches conducted outside the judicial process are per se unreasonable and subject to only a few specifically established and well-delineated exceptions. Id.; see, also, Coolidge v. New Hampshire (1971),403 U.S. 443. Where the initial intrusion by law enforcement is lawful, an incriminating object that comes into plain view during that intrusion may be seized without a warrant. In other words, the plain view exception the Fourth Amendment warrant requirement permits a law enforcement officer to seize what clearly is incriminating evidence or contraband when it is discovered in a place where the officer has a right to be. Id.; see, also, State v. Williams (1978), 55 Ohio St.2d 82, paragraph one of the syllabus. Thus, in order for the plain view doctrine to apply to permit a warrantless seizure, the law enforcement officer must not only be located in a place where the officer has a right to be, but the officer must also have lawful right or access to the object in plain view. See Horton v. California (1990), 496 U.S. 128; see, also,State v. Waddy (1992), 63 Ohio St.3d 424, 442.
 {¶ 8} In this case, Officer Rose was lawfully at appellant's residence on the day in question because, as part of his duties that day, he was serving a tax summons on a person at that address. While in the course of serving that summons, the officer observed several violations of a Solon ordinance prohibiting unlicensed vehicles from being parked on a resident's property and, upon further investigation, discovered that several had been reported stolen. Because the officer was justified in seizing the vehicles under the plain view doctrine, it is unlikely that appellant would have prevailed on a motion to suppress even if trial counsel had filed such a motion. Since a meritoriousFourth Amendment issue is necessary to the success of a Sixth Amendment claim for ineffective assistance of counsel, it cannot be said that trial counsel was ineffective for failing to file a motion that would most likely be unsuccessful. Kimmelman v. Morrison, 477 U.S. at 382.
 {¶ 9} Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 10} In his second assignment of error, appellant contends that the jury's verdict is not supported by sufficient evidence.
When reviewing whether there exists sufficient evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 11} The offense of receiving stolen property is governed by R.C. 2913.51, which provides that "[n]o person shall receive, retain, or dispose of property of another knowingly or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Appellant contends that the state failed to demonstrate that he "knowingly" received stolen property because none of the vehicles had any of the signs of forced entry typical of stolen vehicles. Moreover, in his statement to Officer Rose, he claimed to have possessed the keys to the vehicles and further believed that the vehicles were unclaimed by their rightful owners.
While appellant claims to have received this property rightfully, not one of the vehicle owners testified that they had given their vehicle to any other person as claimed by appellant. To the contrary, all of the owners of the respective vehicles testified that their vehicles were not where they were when they had left them and, as such, each made a report that they were stolen. Lisa Patterson, owner of the 1979 Oldsmobile that is the subject of Count 3 of the indictment, testified that she reported her vehicle stolen in March 1998. While she testified that she had this car recently painted before it was stolen, all work had been completed by the time it was reported stolen. Furthermore, she did not leave her car with appellant nor permit anyone else to take her car. Thomas Bowens, owner of the 1994 Cadillac that is the subject of Count 2 of the indictment, and Errick Forrest, owner of the 1997 Mercury Marquis that is the subject of Count 5 of the indictment, testified similarly. Neither had given permission to anyone to take their vehicle nor had they authorized any repairs to the vehicles prior to them being reported stolen.
While appellant claims to have received this property rightfully, not one of the vehicle owners testified that they had given their vehicle to another person as claimed by appellant. Appellant, in effect, asks us to resolve evidentiary conflicts in his favor and substitute our evaluation of witness credibility for that of the jury's. This we cannot do. SeeState v. Waddy, 63 Ohio St.3d at 430. The owners' testimony, evidently believed by the jury, was sufficient to find that appellant "knowingly" had in his possession the property of another. It, therefore, cannot be said that there was insufficient evidence to convict appellant for multiple counts of receiving stolen property.
 {¶ 12} Appellant's second assignment of error is not well taken and is overruled.
 III. {¶ 13} In his third assignment of error, appellant contends that the jury's verdict is against the manifest weight of the evidence.
 {¶ 14} A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins, 78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172, 175.
It cannot be said the jury lost its way in this case. As previously stated, each vehicle owner testified that their respective vehicle was stolen and that none had given permission to another to take the vehicle. Finding this testimony credible, it is reasonable to infer that appellant's possession of these cars was unauthorized. The jury's verdict, therefore, cannot be said to be against the manifest weight of the evidence.
 {¶ 15} Appellant's third assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., AND ANN DYKE, J., CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Although the trial court sustained an objection by appellant's counsel to a statement made by the officer that included use of the term "chop shop," there was no request for a curative instruction.