JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Kenneth Eff (date of birth December 30, 1952) appeals from his bench trial convictions of one count of possession of drugs (cocaine), and one count of possession of drugs (crack cocaine).[1] For the reasons adduced below, we affirm.
{¶ 2} A review of the record on appeal indicates that appellant was arrested on August 1, 2000, by narcotics officers of the Cleveland Police Department at his home located at 8910 Easton, Cleveland, Ohio.
{¶ 3} The appellant drew the attention of the police following a tip by a confidential informant that cocaine sales were being done by appellant at appellant's home address and that appellant kept the drugs in the attic. Based on this tip by the informant, who had been known to the police as being reliable from past dealings, the police arranged a controlled purchase of cocaine by the informant at the appellant's address approximately one week prior to appellant's arrest.
{¶ 4} During the controlled purchase, the officers observed the appellant's house from across the street and noted that there was a great deal of vehicular and pedestrian traffic surrounding appellant's house, with people going into and out of the house, staying for only a short time. Tr. 12. From past narcotics experience, this traffic to and from the house was consistent with drug sales at a residence. The informant successfully purchased a quantity of crack cocaine at the location.
{¶ 5} Later that same day, the police conducted a second controlled purchase at appellant's address by the same informant. During this second purchase, the informant went up to the house and was told that appellant was not home, so the informant told the police of this and then returned to the house where he sat on the front porch with several other men. A short time later, appellant arrived, accompanied with a female (later identified as Deborah Williams). The informant was then escorted into the house by appellant through the common front door and returned a short time later with more crack cocaine. Through the open front door to the house, the police did not observe the informant go into the first floor unit, whose entry door was just beyond the front door to the home.
{¶ 6} As part of the police investigation, a check of the utility records for appellant's house noted that electricity service was in the name of appellant for the upstairs unit of the duplex home. Relatives of appellant were known to live in the first floor unit of the duplex.
{¶ 7} The police then obtained a search warrant for the upstairs of the house. This warrant was executed on August 1, 2000 at approximately 9:00 a.m.
{¶ 8} During the search conducted by seven officers, only Deborah Williams was found in the upstairs unit. The search of the apartment, which included the attic[2], found the following items:
 {¶ 9} (1) a baggie of crack cocaine found on the kitchen table;
 {¶ 10} (2) a suspected crack pipe with crack residue found under a cushion of the living room couch;
 {¶ 11} (3) a plate with cocaine residue found in the kitchen sink;
 {¶ 12} (4) an electronic scale with cocaine residue found in the dining room;
 {¶ 13} (5) a coffee cup with cocaine residue found on the kitchen table;
 {¶ 14} (6) a large glass beaker with cocaine residue found on top of the freezer in the kitchen;
 {¶ 15} (7) a small Sentry safe found in a chest in the attic which contained fourteen bags of cocaine and crack cocaine, and a plastic spoon with cocaine residue;
 {¶ 16} (8) a paper bag found in the attic which contained a plastic bag in which was located cocaine, crack cocaine, razor blade and papers;
 {¶ 17} (9) a bag found in the attic which contained numerous individually packaged papers with cocaine;
 {¶ 18} (10) a paper packet found in the attic on a windowsill and which contained cocaine;
 {¶ 19} (11) a scale found on the attic steps and which contained cocaine residue;
 {¶ 20} (12) a telephone pager found on a dresser in the southeast bedroom;
 {¶ 21} (13) a key, found on a dresser in the southeast bedroom, which fit the lock on the Sentry safe;
 {¶ 22} (14) an Igloo cooler found on the attic steps and which contained a plastic bag with a scale and cocaine residue;
 {¶ 23} (15) numerous personal papers addressed to appellant found throughout the apartment.
{¶ 24} See State Exhibit 22.[3]
{¶ 25} Appellant, who was not present at the apartment during the search, was arrested shortly after the search while he was visiting his probation officer at the Justice Center. At the time of his arrest, appellant had in his possession a State of Ohio identification card which indicated his address as the upstairs unit of 8910 Easton. When questioned by the police following his arrest, appellant denied that the police found drugs in his apartment, and that if the police did find drugs, that they had to have found them in the attic and they were not his drugs.
{¶ 26} According to later scientific analysis, the total amount of cocaine found, not including residue amounts, was 547.52 grams of cocaine; the majority of the measurable cocaine, identified as 152.97 grams of crack cocaine packaged in ten plastic bags and 381.60 grams of powdered cocaine packaged in four plastic bags, was located inside the Sentry safe. See State Exhibits 17 through 21, inclusive.
{¶ 27} Appellant testified on his own behalf at the trial. Appellant, who was blind at the time of the trial, admitted to having two prior felony offenses, each involving the sale of crack cocaine. He was paroled from prison on the first case in April of 1999. Approximately eight months later he was charged with the second case, and was sentenced to community control sanctions on July 14, 2000. He was arrested on the present case on August 1, 2000. He also testified that the home had previously been his mother's, and that at the time of the search he owned the house and lived there with Ms. Williams in the second floor apartment. His brother, James Black, and Blacks' son, John Largent, lived in the first floor apartment. Appellant admitted to being addicted to drugs. He testified that he was aware that drug sales did occur from the house at the time of the search, but claimed that his nephew, John Largent, was doing the selling. Appellant permitted Largent to prepare drugs intended for sale in appellant's apartment in exchange for free samples for he and Ms. Williams; according to appellant, all the drug paraphernalia was Largent's or Ms. Williams'. He stated that he would, in turn, sell some of these free drugs to others to help support his own drug habit, but did not sell any drugs while he was on probation (which would include the time of the police surveillance and search herein). Tr. 229-230. Appellant testified that he slept in the southwest bedroom and denied ever keeping his own drugs in the attic. The keys, according to appellant, belonged to the lock for his bicycle and were in his possession when he was arrested, not on the bedroom dresser as claimed by the police. At trial, the keys in question operated the lock to the Sentry safe, but appellant insisted that keys belonged to his bicycle lock. Tr. 253-254. The Sentry sathefe belonged to his deceased mother. Appellant claimed that he had not been up in the attic in years. Tr. 243.
{¶ 28} The trial court sentenced appellant to serve the minimum term of 2 years on count 1, and a minimum term of 10 years on count 2, with sentences to run concurrent with one another. See Tr. 328-329.[4]
{¶ 29} This appeal presents two assignments of error for review.
{¶ 30} The first assignment of error provides:
 {¶ 31} I. MR. EFF WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO PURSUE THE SUPRRESSION (SIC) OF IMPERMISSIBLY SEIZED EVIDENCE.
{¶ 32} In this assignment, appellant argues that his trial counsel was ineffective in not having filed, prior to the trial, a motion to suppress the evidence found during the search of the appellant's attic on the basis that the search warrant was limited to the area of the second floor apartment, thereby excluding the evidence found in the attic.
{¶ 33} The standard of review to be applied to an allegation of ineffective assistance of counsel was recently stated by the Ohio Supreme Court:
 {¶ 34} To establish ineffective assistance, a defendant must show that, in light of all the circumstances, counsel fell below an objective standard of reasonable representation and that but for his unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the result. Strickland v. Washington (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; see, also, State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
{¶ 35} State v. Herring (Feb. 27, 2002), 94 Ohio St.3d 246,261, 762 N.E.2d 940, 957, 2002 Ohio LEXIS 437, 37-38.
{¶ 36} We are also mindful that [I]n general, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. State v. Jordan (Feb. 14, 2002), Cuyahoga App. Nos. 79469 and 79470, 2002 Ohio App. LEXIS 569 at 22, citing Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 91 L.Ed.2d 305,106 S.Ct. 2574, and State v. Nields (2001), 93 Ohio St.3d 6, 66-67. To prevail on a claim for ineffective assistance of counsel, appellant must demonstrate that the failure to file the motion to suppress caused him or her prejudice. Jordan, supra, 2002 Ohio App. LEXIS 569 at 22, citing State v. Robinson (1996), 108 Ohio App.3d 428, 433.
{¶ 37} In the present case, appellant attaches to his brief purported photocopies of the following: (1) a search warrant return dated August 17, 2000 for the premises of 8910 Easton, Cleveland; (2) a search warrant for the premises known as 8910 Easton Ave, (sic) upstairs, Cleveland, its curtilage, containers and/or persons therein, with the affidavit of the officer supporting the warrant; and, (3) the search warrant inventory list for 8910 Easton, not identifying what parts of the house were the subject of the underlying search warrant. Only the inventory list is included in the record on appeal as it was entered into evidence at the trial. The remaining attachments were not in the record on appeal and cannot be considered at this time. See App.R. 9(A) and 12(A)(1)(b). Further, appellant has not sought supplementation of the record on appeal pursuant to App.R. 9(E) so as to include these remaining attachments within the record on appeal. Absent a citation to that part of the record upon which appellant's argument is based, we must presume regularity and conclude that the officers did not go beyond the scope of the search warrant when they searched the attic. See App.R. 12(A)(1)(b), 16(A)(7), and 16(D).
{¶ 38} Assuming that the search warrant and its affidavit was properly before this court, we cannot conclude that the search of the attic was unreasonable because the warrant, and the affidavit supporting the warrant, specifically described the upstairs of 8910 Easton as the area to be searched. In a two-story home such as the one in question, which includes an attic above the second floor area, upstairs can be broadly interpreted to include any area of the home above the first floor of the structure. An officer armed with this warrant would reasonably ascertain that the attic, which was accessible behind an unlocked door along a common second-floor hallway, was included in the upstairs area of the house. Accordingly, appellant has failed to demonstrate any prejudice resulting from the failure of counsel to move for the suppression of the evidence found in the attic.
{¶ 39} The first assignment of error is overruled.
{¶ 40} The second assignment of error provides:
 {¶ 41} THE TRIAL COURT ERRED IN DENYING MR. EFF'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICIENT (SIC) EVIDENCE THAT MR. EFF POSSESSED THE DRUGS.
{¶ 42} In this assignment appellant argues that there was insufficient evidence demonstrating that he possessed the drugs found in the Sentry safe in the attic.
{¶ 43} The standard of review to be applied to arguments based on insufficiency of the evidence is the following:
 {¶ 44} When a defendant challenges the legal sufficiency of the state's evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis sic.) Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573.
{¶ 45} Herring, supra, 94 Ohio St.3d at 252.
{¶ 46} The evidence at trial indicated that appellant possessed a key, found by the police in his bedroom, which opened the safe in question when, during appellant's cross-examination, it was inserted into the lock on the safe and turned. Tr. 252-254. Although appellant claimed that this key belonged to his bicycle lock and that it was not found in his apartment, and that defense counsel's bicycle lock key provided to appellant by defense counsel during redirect examination of appellant also opened the lock on the safe, see Tr. 281-282, we are mandated to view the evidence in a light most favorable to the prosecution. We therefore conclude that the key found by the police in appellant's bedroom belonged to the safe in question and demonstrated dominion and/or control of the safe by appellant. Accordingly, the evidence was sufficient to demonstrate that appellant possessed the drugs found in the Sentry safe.
{¶ 47} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] At the close of the state's case, the trial court granted a motion for acquittal pursuant to Crim.R. 29 on one count of possession of criminal tools. Appellant was acquitted by the jury of one count of preparation of drugs (cocaine) for sale, and one count of preparation of drugs (crack cocaine) for sale.
[2] The entrance door to the attic steps was located along a common hallway directly across from the entrance door to the second floor unit.
[3] At the close of the state's case, the crack pipe and the pager were withdrawn from evidence by the prosecution because there was no testimony regarding these items. See Tr. 195.
[4] Despite the sentencing pronouncement from the bench, the sentencing order, journalized April 26, 2001, indicates that the two sentences were to be served consecutively.