DECISION AND JOURNAL ENTRY.
{¶ 1} Defendant-Appellant Michael P. Buchwald has appealed from his convictions in the Akron Municipal Court for driving under the influence of alcohol, driving with a prohibited alcohol concentration, and failing to stop at a stop sign. This Court affirms.
 I {¶ 2} On September 25, 2002, Officer Michael Gable of the Bath Township Police Department observed Appellant fail to stop at a stop sign on Granger Road in Bath Township, Akron, Ohio. A second car also failed to stop at the stop sign and appeared to be following Appellant. Officer Gabel followed both cars as they proceeded westbound on Granger Road. Both cars pulled into the driveway of Appellant's home on Granger Road in Bath Township. Officer Gabel pulled in behind both cars, activated his overhead lights, called for police back-up and proceeded to perform a routine traffic stop of both drivers.
 {¶ 3} Sergeant Brown, the officer responding to Officer Gabel's request for police assistance, approached Appellant first and secured his driver's license. Officer Gabel then approached Appellant's vehicle and observed his bloodshot eyes and smelled the odor of alcohol emanating from him. Officer Gabel also observed that Appellant was in a general state of confusion; Appellant repeatedly asked the officer why he had been stopped. Based on these observations, Officer Gabel brought Appellant to the front of the officer's police vehicle and proceeded to perform standard field sobriety tests.
 {¶ 4} Appellant performed the Robert Test, walk and turn test, and Horizontal Gaze Nystagmus ("HGN") test[1]. Appellant refused to perform the one-leg stand test. Throughout the course of testing, Officer Gabel asked Appellant if he had any medical conditions that might impact Appellant's ability to perform any of the field sobriety tests. Appellant told the officer that he had a head trauma injury that would impact his ability to perform the HGN test; Officer Gabel testified that he took this injury into consideration when evaluating Appellant's HGN results. Based upon Officer Gabel's observations of Appellant's test performance, he concluded that Appellant's "ability to drive a vehicle was impaired" and placed him under arrest.
 {¶ 5} Appellant was placed in the back of Officer Gabel's police car and transported to the Bath Township Police Station. At the station, Appellant was given the breath alcohol content ("BAC") test which produced a reading of .118 grams of alcohol per 210 liters of breath. Appellant was subsequently charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1); operating a motor vehicle with a prohibited BAC, in violation of R.C. 4511.19(A)(3); and failure to stop at a stop sign, in violation of R.C. 4511.43.
 {¶ 6} The matter proceeded to jury trial on December 18, 2002. The jury returned guilty verdicts on all three charges, and the trial court sentenced Appellant accordingly.
 {¶ 7} Appellant has timely appealed, raising one assignment of error.
 II. Assignment of Error
"Trial counsel denied [appellant] the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution when he failed to file a motion to suppress[.]"
 {¶ 8} In Appellant's sole assignment of error, he has argued that he was denied the effective assistance of counsel, as guaranteed by both the United States Constitution and the Ohio Constitution, because his attorney failed to file a motion to suppress the results of the field sobriety tests as well as statements Appellant made after he was allegedly taken into custody. We disagree.
 {¶ 9} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, the United States Supreme Court articulated the test to determine if a defendant's constitutional right to the effective assistance of counsel has been violated. The Strickland test employs a two-step analysis. First, the defendant must show that counsel's performance was deficient, which requires a showing that counsel made errors so serious that counsel was not functioning as defendant's "counsel" guaranteed by the Sixth Amendment. Strickland,468 U.S. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense, essentially depriving defendant of a fair trial with a reliable result. Id. at 687.
 {¶ 10} An appellate court may dispose of an ineffectiveness claim based solely on the prejudice prong of Strickland if such analysis reveals that the defendant did not suffer sufficient prejudice. State v.Loza (1994), 71 Ohio St.3d 61, 83, certiorari denied (1995), 514 U.S. 1120,115 S.Ct. 1983, 131 L.Ed.2d 871, quoting Strickland, 466 U.S. at 697. Therefore, this Court will analyze the prejudice prong of the Strickland test first because, in our determination, a careful analysis shows that Appellant did not suffer sufficient prejudice as a result of trial counsel's failure to move to suppress certain evidence.
 {¶ 11} Prejudice is shown when the defendant proves "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1050, 111 S.Ct. 16, 111 L.Ed.2d 830. We note, however, that only an error by counsel that effects the final judgment in a criminal proceeding warrants an appellate court setting aside the trial court's final judgment. Strickland, 466 U.S. at 691.
 {¶ 12} In the case sub judice, Appellant has claimed that he had ineffective assistance of counsel at trial because his trial attorney failed to file two different suppression motions. To prevail on an ineffective assistance of counsel claim regarding an omission by counsel, a convicted defendant must show that the omission was not "the result of reasonable professional judgment" and was "outside the wide range of professionally competent assistance." Strickland,466 U.S. at 690. However, the failure to file a motion to suppress is not per se ineffective assistance of counsel. State v. Madrigal (2000),87 Ohio St.3d 378, 389, certiorari denied (2000), 531 U.S. 838,121 S.Ct. 99, 148 L.Ed.2d 58, quoting Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v.Robinson (1996) 108 Ohio App.3d 428, 433; see, also, State v. Blagajevic
(1985), 21 Ohio App.3d 297, 299-300.
 {¶ 13} Appellant has argued that trial counsel was deficient when counsel failed to file a motion to suppress the results of the field sobriety tests. He has claimed that the tests were not performed in strict compliance with state testing standards and therefore the tests are inadmissible to support probable cause to arrest him based on Statev. Homan (2000), 89 Ohio St.3d 421. Appellant has argued that without the test results, probable cause to arrest him would have been undermined.
 {¶ 14} Probable cause to arrest need not arise solely from a suspect's field sobriety tests. Homan, 89 Ohio St.3d at 427. Probable cause to arrest exists when, at the moment of the arrest, "the facts and circumstances within [the arresting police officer's] knowledge * * * were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142; see, also, State v.Timson (1974), 38 Ohio St.2d 122, 127. The existence of probable cause is determined by examination of the "`totality' of facts and circumstances within an officer's knowledge." State v. Miller (1997),117 Ohio App.3d 750, 761. "The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded for lack of strict compliance." Homan, 89 Ohio St.3d at 427.
 {¶ 15} Assuming arguendo that the field sobriety tests were inadmissible to support probable cause to arrest Appellant, the totality of the circumstances surrounding Appellant's arrest still support a finding of probable cause for his arrest. Officer Gabel testified that before he administered the field sobriety tests, he observed Appellant fail to stop at a stop sign. This observation alone provided sufficient probable cause for Officer Gabel to stop Appellant. See State v. Reese,
9th Dist. No. 02CA0088-M, 2003-Ohio-2638, at ¶ 10; Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11. Furthermore, after stopping Appellant, Officer Gabel noticed that Appellant appeared to be confused, had bloodshot eyes and was emanating a strong odor of alcohol. Based on the fact that the officer observed Appellant violate Ohio traffic laws and exhibit signs of drunkenness, Officer Gabel had probable cause to arrest Appellant, take him to the police station, and administer the BAC test. As the admissibility of the field sobriety tests was not the sole basis for Appellant's arrest, it follows that counsel's failure to file a motion to suppress the results of the field sobriety tests did not undermine the existence of probable cause for Appellant's arrest and, therefore, had no impact on the outcome of Appellant's trial. Consequently, we find that Appellant suffered no prejudice from trial counsel's failure to file a motion to suppress the results of the field sobriety tests.
 {¶ 16} Appellant has further argued that trial counsel was deficient for failing to file a motion to suppress inculpatory statements Appellant made to Officer Gabel while Appellant was sitting in his car, but before he was arrested. Appellant has claimed that he was in "custody" when Sergeant Brown, Officer Gabel's back-up officer on the scene, told him to remain in his car while his driver's license and car registration information were verified. He has contended that the statements he later made to Officer Gable while still in "custody" in his car were inadmissible because he was not Mirandized prior to making the statements.
 {¶ 17} The record reveals that Appellant failed to object to the introduction of these statements at trial. The Ohio Supreme Court has long recognized that failure to object to statements made at trial waives that issue on appeal. State v. Maurer (1984) 15 Ohio St.3d 239, 260, certiorari denied, (1985) 472 U.S. 1012, 105 S.Ct. 2714,86 L.Ed.2d 728. see State v. Smith, 9th Dist. No. 02CA0045, 2003-Ohio-2850, at ¶ 7 quoting State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 7.
 {¶ 18} In sum, we find that Appellant was not prejudiced by trial counsel's failure to file a motion to suppress the results of the field sobriety tests. Therefore, Appellant's ineffective assistance of counsel claim must fail. Accordingly, Appellant's assignment of error is not well taken.
 III {¶ 19} Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
BAIRD, P.J. and BATCHELDER, J. concur.
[1] The Robert Test is an overall balance test where the subject stands with his feet together and eyes closed, then tilts his head back. While tilting, the subject starts counting forward starting at 1000. The walk and turn test is a balance and coordination test where the subject stands with his feet together and his hands by his side. He is instructed to walk heel to toe forward nine steps then turn around and walk heel to toe back nine steps. The GHN test is an eye test where the officer moves a stimulus, in this case a pen, in front of the subject's eyes and watches the eyes for involuntary bouncing as they track the stimulus.