DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas. Appellant, Armando Serrano, was convicted of two second degree felonies, possession of drugs, under R.C.2925.11(A)(C)(3)(f), and trafficking in drugs, under R.C.2925.03(A)(2)(C)(3)(f), both in connection with marijuana in excess of 20,000 grams. We affirm the judgment of the trial court.
 {¶ 2} The facts are not contested and spanned but a few minutes on December 5, 2002. Troopers Arnold and Romero, in separate squad cars, were observing traffic on the Ohio Turnpike. A Chevrolet Tahoe and a Nissan Frontier, traveling eastbound in tandem, passed the troopers. The driver of the Frontier and the passenger of the Tahoe both looked away, towards an empty cornfield, as they passed. The troopers thought this was suspicious and decided to follow the vehicles to conduct a routine registration check. Over a few minutes the troopers became separated by about a mile. Before Romero pulled over the Tahoe he passed the Frontier, observing that the driver appeared nervous and reluctant to look anywhere but straight ahead.
 {¶ 3} Appellant was the passenger in the Tahoe, which had a California license plate. Trooper Romero stopped this vehicle because it had crossed left of center about one foot three times in a four mile stretch. The driver was asked to exit the vehicle. He produced a Mexican identification and no registration and appeared nervous. The driver stated that they were on a trip from Los Angeles to Boston. Romero then approached appellant, in the passenger seat, and asked for the vehicle's registration. Appellant also appeared nervous. Romero noticed a strong smell of deodorizer and spotted a cell phone. Appellant initially stated he did not know their destination. When asked how he could not know, he responded that they were headed to the next state over, then confirmed that he was referring to Pennsylvania. Romero then returned to his squad car to check the identifications and vehicle registration.
 {¶ 4} At that time Trooper Arnold contacted Romero. Arnold had stopped the Frontier, which had an Arizona license plate, about a mile away for a cracked windshield and for following a semi-truck too closely. The driver spoke poor English and Arnold requested that Romero come to her location and translate. The driver of the pickup had also stated he was headed from Los Angeles to Boston. There was also a strong deodorizer scent. Romero complied with the request to assist and instructed the Tahoe driver to follow him about a mile down the road. Romero did this before his computer had finished processing the identification and registration check.
 {¶ 5} After Romero and Arnold conferred, a canine sniff was conducted by Arnold's canine. Arnold's canine, Ringo, alerted to narcotics in both vehicles and both vehicles were searched. The pickup had over 87 pounds of marijuana. The Tahoe had maintenance receipts for the pickup. All three men were arrested.
 {¶ 6} During pre-trial, one of appellant's co-defendants filed a motion to suppress evidence from the stop, search, detention, and arrest of the driver of the pickup truck. The other co-defendant and appellant orally joined in the motion. Prior to trial, however, both co-defendants accepted plea bargains. Appellant's counsel withdrew and new counsel filed an appearance. No hearing on the motion to suppress was heard at trial because appellant's new counsel withdrew the motion to suppress stating "the passenger has no standing."
 {¶ 7} Appellant was convicted by the jury and now appeals assigning the following error:
 {¶ 8} "I. Appellant was denied effective assistance of counsel as guaranteed to him by the sixth amendment to the united states constitution and article I, Section 10 of the ohio constitution, when his trial counsel withdrew a legitimate motion to suppress after apparently believing that a passenger in a motor vehicle stopped by law enforcement personnel does not have proper standing to challenge it's (SIC) stop and his resulting detention, seizure, and arrest."
 {¶ 9} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v.Bradley (1989), 42 Ohio St.3d 136, 142. In other words, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v.Washington (1984), 466 U.S. 668, 691 (citation omitted). "Failure to file a motion to suppress does not constitute per se ineffective assistance of counsel." State v. Madrigal (2000),87 Ohio St.3d 378, 389 (citation omitted). Instead, "[t]he failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record establishes that the motion would have been successful if made." State v. Robinson
(1996), 108 Ohio App.3d 428, 433.
 {¶ 10} Appellant argues that his trial counsel erred by dismissing the motion to suppress for want of standing because appellant actually had standing. Appellant is correct that he has standing to challenge the seizure of his person. State v.Carter (1994), 69 Ohio St.3d 57, 63 (Citations omitted). Therefore, trial counsel was in error when he dismissed the motion to suppress on the stated grounds. However, even if appellant's trial counsel erred as argued, appellant must also prove that this error was prejudicial to him by demonstrating that the motion to suppress would have been granted.
 {¶ 11} Appellant rests his argument on the fact that Romero ordered the driver of the Tahoe to follow him a mile down the road. Appellant describes this move as akin to arrest, thus requiring probable cause. Appellant posits that probable cause did not arise until after the move when Arnold's canine alerted to the Tahoe. Thus, appellant argues, the move was an unreasonable seizure of his person and the motion to suppress would have been granted.
 {¶ 12} "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." Florida v. Royer (1983), 460 U.S. 491, 500. "In order to warrant a brief investigatory stop * * * the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." State v. Venham (1994),96 Ohio App.3d 649, 654. Initially, the Tahoe was stopped for a traffic violation. Romero testified that the Tahoe had strayed left of center three times. At the time of the one mile move Romero had not yet completed the registration and identification checks. Thus, the initial detention was supported by "specific and articulable facts," Id., and did not last "longer than * * * necessary to effectuate the purpose of the stop." Royer, supra,460 U.S. at 500.
 {¶ 13} "If during the initial detention * * * the officer ascertaine[s] reasonably articulable facts giving rise to a suspicion of criminal activity, the officer may then further detain and implement a more in-depth investigation of the individual." State v. Robinette (1997), 80 Ohio St.3d 234, 241. A brief detention is also justified "without reasonably articulable facts giving rise to suspicion of criminal activity, if the detention promotes a legitimate public concern, e.g., * * * reducing drug trade." Id. Romero had stopped one of two vehicles traveling in tandem. The driver of the other vehicle looked away when he passed Romero and appeared nervous when Romero passed him. The occupants of the Tahoe were nervous and contradicted each other regarding their destination. The vehicle had a California license plate and both the driver and appellant provided Mexican identification. There was a strong scent of deodorizer emanating from the car and a cell phone was in plain site. These facts "[gave] rise to a suspicion of criminal activity," Id., and justified further detention.
 {¶ 14} "What constitutes a permissible detention is not based simply on time, but on whether the officer acted diligently under the circumstances." United States v. Sharpe (1985),470 U.S. 675, 688. Appellant cites Royer, supra, and United States v.Soto (C.A. 10, 1993), 988 F.2d 1548, 1558, for the proposition that moving a person from one location to another is akin to arrest and requires probable cause. But these cases are factually distinguishable from the case at bar. Royer had been stopped in an airport, a public space, and, without probable cause, was escorted to a police interrogation room, a private space.Royer, supra, 460 U.S. at 503. Soto was traveling alone,Soto, supra, 988 F.2d at 1550, and was escorted to a different location after probable cause arose. Id. at 1558. Appellant was moved from a public space to a public space, reuniting two vehicles that had recently been traveling in tandem. Appellant was not escorted from a public space to a private space for interrogation. While the general rule may be that removal from the site of the initial stop requires probable cause, Romero acted diligently under these circumstances because the vehicles had merely become separated and it was reasonable to believe they were connected.
 {¶ 15} Moreover, "the use of a trained dog to sniff [a vehicle is] not a search under the Constitution of the United States or under the Constitution of the State of Ohio." State v.Palicki (1994), 97 Ohio App.3d 175, 181-82. Probable cause exists when a drug dog alerts to the presence of narcotics. Id. at 181. Romero had a canine in his squad car. If Arnold had not requested assistance, Romero could have conducted his own canine sniff. Had Romero conducted a canine sniff before the move, then probable cause would have existed just as it did when Arnold's canine alerted to narcotics after the move.
 {¶ 16} In sum, the motion to suppress would not have been granted for two reasons. First, the move of appellant approximately one mile was reasonable under the circumstances. Second, had appellant not been moved, probable cause would have been generated at the site of the initial stop. Accordingly, appellant's sole assignment of error is found not well-taken
 {¶ 17} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Richard W. Knepper, J., CONCUR.
 Judith Ann Lanzinger, J. CONCURS IN JUDGMENT ONLY. JUDGE.