[Cite as *State v. Curtis*, 2017-Ohio-4283.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ANTHONY S. CURTIS | : | Case No. 16 CAC 08 0036 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware Municipal
                                 Court, Case No. 16TRC03960


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                June 13, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ELIZABETH A. MATUNE                       DAVID H. BIRCH
Assistant Prosecuting Attorney            286 South Liberty Street
Delaware City Prosecutor                  Powell, Ohio 43065
70 North Union Street
Delaware, Ohio  43015

*Baldwin, J.*

{¶1}   Defendant-appellant Anthony S. Curtis appeals his conviction and sentence from the Delaware Municipal Court on one count of operating a motor vehicle while under the influence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On March 9, 2016, appellant was charged with operating a motor vehicle while under the influence of alcohol/drug of abuse in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree,  and  failing to use a turn signal in violation of R.C. 4511.39, a minor misdemeanor. Appellant entered a plea of not guilty to the charges.

{¶3}   Thereafter, a bench trial was held on July 26, 2016.  At the trial, Ohio State Highway Patrol Trooper Ryan May testified that he was in uniform in a patrol cruiser on March 9, 2016 at approximately 3:50 p.m. when he received a dispatch about a reckless driver. The Trooper was told that the driver had trouble staying within the lane and had almost hit a guardrail and vehicles head-on. Trooper May testified that he located a vehicle matching the description and that the vehicle made an unsafe lane change in front of a semi-truck without using a turn signal.

{¶4}   Trooper May then initiated a traffic stop of the vehicle and spoke with appellant, the driver. While he was talking with appellant, he noticed that appellant was speaking rapidly and became "pretty defensive towards me." Trial Transcript 24. Appellant's pupils were dilated and his eyes were glassy and bloodshot. Trooper May testified that his training and experience had taught him that dilated eyes could "[b]e an indication of possible impairment, someone has used a drug or a narcotic that has possibly affected them, their driving. Respect to the pupils, if they're very big or very

restrictive,…it's not usual." " Trial Transcript at 25. Appellant's pupils were very big. Trooper May further testified that glassy, bloodshot eyes also were indications of alcohol or drug impairment.   When asked by Trooper May if he was on any prescriptions, appellant indicated that he was on an antidepressant.  The Trooper further testified that appellant repeatedly asked him the reason for the stop and had trouble following simple instructions, which the Trooper testified were potential signs of an alcohol or drug impairment. Appellant told the Trooper that he was tired.

{¶5}   Appellant further told Trooper May that he had a medical condition with one of his eyes. When he administered the horizontal gaze nystagmus test, the Trooper observed three out of three clues on appellant's good eye. He also testified that he observed eight out of eight possible clues on the walk-and-turn test. Appellant, according to the Trooper, forgot what to do after the turn which he indicated was a possible sign of impairment. Trooper May testified that appellant told him that he had a bad leg and that he considered that while doing his investigation. He testified that he did not see appellant walk with a limp and told appellant that he could use whatever leg he wanted during the one leg stand test. Trooper May observed three out of four clues on such test. Appellant was then arrested.

{¶6}   Trooper May testified that appellant told him that he was on Sertraline (Zoloft) and that it caused tiredness and drowsiness. Trooper May was not familiar with such medication, but was familiar with antidepressants.   Appellant refused to submit to a urine test. Trooper May opined, based on his training and experience, that appellant was under the influence of his prescription medication.  The following is an excerpt from his testimony at trial:

**{¶7}** Q: And what facts and observations lead you to the determination that he was under the influence of a drug of abuse?

**{¶8}** A: The reckless op call, the reckless driver call, the independent witness saying he was having trouble staying in his lane, that he almost hit a guardrail, almost hit a car head-on.

**{¶9}** My contact with him, his eyes, his pupils, glassy, bloodshot, his speech and the field sobriety tests that were administered.

**{¶10}** Q: Okay. What about his speech specifically?

**{¶11}** A: Originally in the vehicle while he was still in his truck, it was rapid, rapid speech.

**{¶12}** Q: And based on your training and experience, all the things that you listed, can those potentially be symptoms of impairment from a drug of abuse?

**{¶13}** A: Correct.

**{¶14}** Trial Transcript at 39-40.

**{¶15}** At the conclusion of the evidence, appellant made a Criminal Rule 29 motion for acquittal. The trial court denied such motion and found appellant guilty of both charges. Appellant was fined a total of $475.00, ordered to serve three days in jail and placed on community control for a period of one year. In addition, appellant's driver's license was suspended for a period of one year.

**{¶16}** Appellant now raises the following assignments of error on appeal:

**{¶17}** THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL MADE AT THE CLOSE OF THE STATES (SIC) CASE.

**{¶18}** APPELLANT WAS DENIED ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE HIS COUNSEL FAILED TO FILE A MOTION TO SUPPRESS HIS STATEMENTS TO POLICE.

I

**{¶19}** Appellant, in his first assignment of error, argues that the trial court erred in denying his Crim.R. 29 Motion for Acquittal. We disagree.

**{¶20}** Crim. R. 29(A) provides:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶21}** A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue*, 5th Dist. Stark No.2001CA00250, 2002–Ohio–351, *citing State v. Williams*, 74 Ohio St.3d 569, 576, 1996–Ohio–91, 660 N.E.2d 724; *State v. Miley*, 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist.1996). Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the state, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable

doubt. *State v. Franklin*, 5th Dist. Stark No.2007–CA–00022, 2007–Ohio–4649 at ¶ 12, *citing State v. Dennis*, 79 Ohio St.3d 421, 1997–Ohio–372, 683 N.E.2d 1096.

**{¶22}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶23}** Appellant argues that there was insufficient evidence establishing a nexus between appellant's ingestion of Sertraline and its impairment of his driving. Appellant argues that the State had to present either expert testimony or the testimony of a person who had observed the effect of the particular drug in this case on appellant and that the State failed to do so.

**{¶24}** However, "[i]f believed, this evidence [an experience police officer's testimony that the defendant appeared to be under the influence of pain medication] was sufficient to support the OVI conviction and no expert testimony was necessary." *State v. Richardson*, ____ Ohio St.3d ____, 2016- Ohio-8448 at paragraph 1.  In the case sub judice, Trooper May, who the trial court clearly found to be credible, testified that he had training on determining if a driver is impaired from a drug of abuse and had investigated many OVIs that involved a drug of abuse.  He testified that based on his training and experience, he was of the opinion that appellant was under the influence of his prescription medicine.  At trial, Trooper May testified that appellant was speaking rapidly, that his pupils were dilated, and that his eyes were bloodshot and glassy, all leading him to believe that appellant was possibly impaired. Appellant told the Trooper that he was on

an antidepressant and that the side effects were drowsiness and tiredness. Appellant admitted to being tired.  As noted by the trial court:

When he [Trooper May] asked him [appellant] do you feel tired or do you feel drowsy, he said yes, sir.   So there's certainly circumstantial evidence that would establish that there was some connection between the substance which the Defendant had indicate, indicated, uh, at least for him that side, that drowsiness is a side effect and that at the time this was taking place he felt drowsy.  Certainly there's a reasonable inference that could be drawn that the drowsiness was the result of the substance that he took which included a side effect of that degree.  So I think there's a sufficient nexus at this point for Rule 29.

**{¶25}**  Trial Transcript at 87.

**{¶26}**  Moreover, we find that there was other evidence of impairment including appellant's reckless driving, his inability to follow simple instructions and confusion, and his performance on the field sobriety tests.  We find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant operated a motor vehicle while under the influence of a prescription drug beyond a reasonable doubt.

**{¶27}**  Appellant's first assignment of error is, therefore, overruled.

II

**{¶28}**  Appellant, in his second assignment of error, argues that he received ineffective assistance of trial counsel due to counsel's failure to file a Motion to Suppress.

**{¶29}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

**{¶30}** Counsel is unconstitutionally ineffective if his performance is both deficient, meaning his errors are "so serious" that he no longer functions as "counsel," and prejudicial, meaning his errors deprive the defendant of a fair trial. *Maryland v. Kulbicki,* 577 U.S. ——, 2015 WL 5774453(Oct. 5, 2015) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

**{¶31}** Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000–Ohio–448. Counsel can only be found ineffective for failing to file a motion to suppress if, based on the record, the motion would have been granted. *State v. Lavelle,* 5th Dist. Stark No. 07 CA 130, 2008–Ohio–3119, at ¶ 47; *State v. Cheatam,* 5th Dist. Richland No. 06–CA–88, 2007–Ohio–3009, at ¶ 86. The defendant must further show that there is a reasonable probability that the outcome would have been different if the motion had been granted. *State v. Robinson*, 108 Ohio App.3d 428, 433, 670 N.E.2d 1077 (3rd Dist 1996).

**{¶32}** Appellant specifically argues that his trial counsel was ineffective in failing to file a Motion to Suppress the statements that appellant made to the Trooper. According

to appellant, there is no indication in the record that appellant was advised of his *Miranda* rights before being interrogated.

{¶33}  Pursuant to App.R. 10(B), "physical exhibits other than documents shall not be transmitted by the clerk unless the clerk is directed to do so by a party or by the clerk of the court of appeals."   As noted by appellee, appellant's docketing statement did not request that the DVD of his traffic stop, which was admitted at trial, be transmitted to this Court. Without a copy of the DVD in the record, there is no evidence upon which this Court could determine whether a Motion to Suppress, if filed, would have been granted.

{¶34}  Appellant's second assignment of error is, therefore, overruled.

{¶35}  Accordingly, the judgment of the Delaware Municipal Court is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.